NUMBER 13-02-247-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG 
                                                                                                                      
 
MIGUEL ESPINOZA,                                                                   Appellant,

v.

THE STATE OF TEXAS,                                                             Appellee.
                                                                                                                                       

On appeal from the 25th District Court of Gonzales County, Texas.
                                                                                                                      

MEMORANDUM OPINION

Before Justices Hinojosa, Yañez, and Garza
Opinion by Justice Yañez
 



          Following a jury trial, appellant, Miguel Espinoza, was convicted of the felony offense
of possession of marihuana (two thousand pounds or less but more than fifty pounds).


 He 
was sentenced to fourteen years confinement and a fine of $7,500.00. In a single issue,



he contends he was denied effective assistance of counsel when trial counsel failed to
adequately interview him and failed to file a motion for discovery and inspection. We affirm.
          The trial court has certified that this is not a plea bargain case and the defendant has
a right to appeal. See Tex. R. App. P. 25.2(a)(2).
          As this is a memorandum opinion not designated for publication and the parties are
familiar with the facts, we will not recite them except as necessary to advise the parties of
the court’s decision and the basic reasons for it. See Tex. R. App. P. 47.4.
                                                     Standard of Review
          We review ineffective assistance claims under the two-part test set forth in
Strickland v. Washington, 466 U.S. 668, 687 (1984); see Bone v. State, 77 S.W.3d 828,
832 (Tex. Crim. App. 2002). The test requires an appellant to show that: (1) counsel’s
performance fell below an objective standard of reasonableness under prevailing norms;
and (2) there is a reasonable probability that, but for counsel’s deficient performance, the
result would have been different. Bone, 77 S.W.3d at 832. A “reasonable probability is
one sufficient to undermine confidence in the outcome.” Id. We examine the totality of the
representation, as reflected in the record, in making this determination. Jackson v. State,
877 S.W.2d 768, 771 (Tex. Crim. App. 1994). Appellate courts apply a strong presumption
that counsel’s actions fell within the range of reasonable professional assistance. Bone,
77 S.W.3d at 833. The appellant bears the burden of proving ineffective assistance of
counsel by a preponderance of the evidence. Id. at 832. To defeat the presumption of
reasonable professional assistance, “any allegation of ineffectiveness must be firmly
grounded in the record, and the record must affirmatively demonstrate the alleged
ineffectivess.” Thompson v. State, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999) (quoting 
McFarland v. State, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996)).
          “Under normal circumstances, the record on direct appeal will not be sufficient to
show that counsel’s representation was so deficient and so lacking in tactical or strategic
decision making as to overcome the presumption that counsel’s conduct was reasonable
and professional.” Bone, 77 S.W.3d at 833. “[I]n the majority of cases, the record on
direct appeal is simply undeveloped and cannot adequately reflect the failings of trial
counsel.” Id. (quoting Thompson, 9 S.W.3d at 813-14). 
          As the court of criminal appeals has noted, “the proper procedure for raising [a claim
of ineffective assistance] is almost always habeas corpus.” Aldrich v. State, 104 S.W.3d
890, 896 (Tex. Crim. App. 2003); see also Bone, 77 S.W.3d at 837 n.30; Thompson, 9
S.W.3d at 814. The court of criminal appeals recently confirmed its holding in Ex parte 
Torres, 943 S.W.2d 469, 475 (Tex. Crim. App. 1997), that because a direct appeal record
often contains insufficient evidence to evaluate an ineffective assistance issue, the
rejection of an applicant's claim on direct appeal does not bar relitigation of such a claim
on habeas corpus to the extent that the applicant seeks to gather and introduce additional
evidence not contained in the direct appeal record. Ex parte Nailor, No. 1109-03, 2004
Tex. Crim. App. LEXIS 518, at *10-*11 (Tex. Crim. App. March 24, 2004) (designated for
publication) (citing Ex parte Torres, 943 S.W.2d at 475).
          Here, appellant contends his trial counsel was ineffective because he failed to
discover and obtain evidence of a 1998 bond appellant posted pursuant to his 1998 arrest. 
Such evidence, appellant argues, would have bolstered his credibility and would have
countered the State’s arguments that he “ran off” and failed to “ever try to straighten it out.”
          Given the standard of review for ineffectiveness of counsel, appellant has not met
his burden to prove trial counsel’s representation fell below an objective standard of
reasonableness and that the deficient performance prejudiced his defense. See
Thompson, 9 S.W.3d at 812. Appellant testified that he was arrested and posted bond in
1998. The record contains no evidence regarding what efforts, if any, trial counsel made
to obtain evidence of the 1998 bond. The record is similarly devoid of evidence
establishing a reasonable probability that if the bond had been produced, the outcome of
the trial would have been different. See id. 
          Accordingly, we hold the record on direct appeal is insufficient to establish that trial
counsel’s representation fell below an objective standard of reasonableness and the
deficient performance prejudiced appellant’s defense. See id. We overrule appellant’s
 issue and affirm the judgment of the trial court.
 
                                                                                                                       
                                                               LINDA REYNA YAÑEZ
                                                                           Justice
 
Do not publish. Tex. R. App. P. 47.2(b).
Opinion delivered and filed this the
20th day of May, 2004.