NUMBER 13-03-00256-CR

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI B EDINBURG

                                                                                                                       


 

JASON THOMPSON, A/K/A JASON BRENT
THOMPSON,            Appellant,

 

                                                             v.

 

THE STATE OF TEXAS,                                                                    Appellee.

 

                                                                                                                       


    On appeal from the 377th District Court of Victoria County,
Texas.

                                                                  
                                                     

                       MEMORANDUM OPINION

 

    Before Chief Justice Valdez and Justices Hinojosa and
Rodriguez

                         Memorandum
Opinion by Justice Hinojosa

 

Appellant, Jason Brent Thompson, pleaded guilty on
January 4, 1995, to the offense of burglary of a habitation.  After accepting appellant=s plea, the trial court deferred the adjudication of
guilt and placed him on community supervision for a term of seven years.  The trial court later extended appellant=s community supervision for an additional three
years.








On November 22, 2002, the State filed a motion to
adjudicate guilt, alleging that appellant had violated various conditions of
his community supervision order, including 
(1) the commission of the criminal offense of Apossession of a controlled substance@, (2) the failure to report, (3) the failure to pay
various costs, and (4) the failure to abide by curfew times.  Appellant pleaded Anot true@ to all of the allegations in the State=s motion to adjudicate guilt.  The trial court (1) held an evidentiary
hearing on the motion, (2) found that appellant had violated numerous
conditions of his community supervision order, (3) adjudicated him guilty of
the offense of burglary of a habitation, and (4) assessed his punishment at
twenty-five years imprisonment.  The
trial court has certified that this  Ais a plea-bargain case, but the trial court has
given permission to appeal, and the defendant has the right of appeal.@  See Tex. R. App. P. 25.2 (a)(2).  In a single issue, appellant contends that
his court-appointed counsel did not provide him with effective assistance of
counsel at the adjudication hearing.  We
affirm.

As this is a memorandum opinion not designated for
publication and the parties are familiar with the facts, we will not recite
them here except as necessary to advise the parties of our decision and the
basic reasons for it.  Tex. R. App. P.  47.4.








 To prevail on
a claim of ineffective assistance of counsel, appellant must establish that (1)
counsel=s performance failed to constitute reasonably
effective assistance by falling below an objective standard of reasonableness
under the prevailing professional norms; and (2) there is a reasonable
probability that, but for counsel=s deficient performance, the result of the
proceeding would have been different.  Strickland
v. Washington, 466 U.S. 668, 687 (1984); Bone v. State, 77 S.W.3d
828, 833 (Tex. Crim. App. 2002).  The
burden of proving ineffective assistance of counsel is on the appellant and is
one which requires proof by a preponderance of the evidence.  Stafford v. State, 813 S.W.2d 503, 506
n.1 (Tex. Crim. App. 1991); Moore v. State, 694 S.W.2d 528, 531 (Tex.
Crim. App. 1985).  An allegation of
ineffective assistance of counsel will be sustained only if it is firmly
founded in the record and if the record affirmatively demonstrates counsel=s alleged ineffectiveness.  McFarland v. State, 928 S.W.2d
482, 500 (Tex. Crim. App. 1996); Stafford, 813 S.W.2d at 506 n.1; Ex
parte McWilliams, 634 S.W.2d 815, 819 (Tex. Crim. App. 1980).  In determining the validity of a claim of
ineffective assistance of counsel, the reviewing court must be highly
deferential to trial counsel and avoid the deleterious effects of
hindsight.  Ingham v. State, 679
S.W.2d 503, 509 (Tex. Crim. App. 1984). 
Accordingly, there is a strong presumption that counsel's conduct fell
within the wide range of reasonable professional assistance. Strickland,
466 U.S. at 689; Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App.
1994).  However, the presumption may be
rebutted by evidence of counsel=s reasoning or lack thereof.  See Jackson, 877 S.W.2d at 771.








Generally, the record on direct appeal is
"inadequate to develop an ineffective assistance claim" because
"the very ineffectiveness claimed may prevent the record from containing
the information necessary to substantiate such a claim."  Ex parte Torres, 943 S.W.2d 469, 475
(Tex. Crim. App. 1997).  When the record
is silent as to defense counsel's subjective motivations, appellate courts
employ the presumption discussed above, and presume that the challenged actions
or inactions were sound trial strategy.  Rylander
v. State, 101 S.W.3d 107, 110 (Tex. Crim. App. 2003).  This general rule may be defeated when a
motion for new trial is filed, and a hearing is held on the issue of the
alleged ineffective assistance of counsel. 
See Robinson v. State, 16 S.W.3d 808, 810 (Tex. Crim. App. 2000)
(discussing post-conviction writ proceeding as preferred method for
establishing facts underlying ineffective assistance claim).  

The record reflects that on February 26, 2003,
appellant informed the trial court that he wanted to replace his
court-appointed attorney and retain new counsel to represent him at the
adjudication hearing.  The trial court
then set the adjudication hearing for March 18, 2003.  When his case was called on March 18,
appellant (1) informed the court that he had not employed new counsel, (2)
asked that new counsel be appointed to represent him, and (3) requested a
continuance.  The trial court denied
appellant=s requests and proceeded with the adjudication
hearing.

In his motion for new trial, appellant asserted the
trial court erred by refusing to appoint new counsel to represent him at the
adjudication hearing and refusing to grant him a continuance so that he and his
counsel could confer and prepare an adequate defense.  Appellant did not call his court-appointed
counsel to testify at the motion for new trial hearing.

Appellant now contends that he received ineffective
assistance of counsel from his court-appointed counsel because counsel, in
anticipation of being replaced by new counsel, failed to confer with him
regarding his case and otherwise failed to prepare for his defense.  Appellant asserts that such lack of
preparedness is evidenced by counsel=s introduction of a videotape of appellant=s arrest into evidence.  Appellant contends the videotape was
self-incriminating, and counsel should have been aware that playback of the
videotape at the hearing and admitting the videotape into evidence would be
prejudicial to his case.  








However, because counsel did not testify at the
motion for new trial hearing we have nothing before us from which to determine
why he introduced the videotape of appellant=s
arrest into evidence.  In the absence of
evidence of counsel=s reasons for the challenged conduct, the appellate
court will assume a strategic motivation and will not conclude that the conduct
was deficient unless the conduct was so outrageous that no competent attorney
would have engaged in it.  Garcia v.
State, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001); Thompson v. State,
9 S.W.3d 808, 814 (Tex. Crim. App. 1999); see Aldrich v. State, 104
S.W.3d 890, 896 (Tex. Crim. App. 2003) (AAppellate courts can rarely decide the issue of
unreasonable performance because the appellate record rarely speaks to the
strategic reasons that counsel may have considered.@).

The record does not affirmatively show that counsel
had any expectation of being relieved as appellant=s counsel at the adjudication hearing.  Further, the record does not affirmatively
show that counsel abandoned his responsibility to effectively represent appellant
at the adjudication hearing. 
Consequently, appellant=s claim that he received ineffective assistance of
counsel is not firmly founded in the record, and the record does not
affirmatively demonstrate the alleged ineffectiveness.

Accordingly, we hold that appellant has not
sustained his burden of proving his ineffective assistance of counsel claim by
a preponderance of the evidence.[1]  Appellant=s sole
issue is overruled.

We affirm the trial court=s judgment.

 

FEDERICO G. HINOJOSA

Justice

 

Do
not publish.  See Tex. R. App. P. 47.2(b).

Memorandum
Opinion delivered and filed this

the
30th day of June, 2005.











[1] Appellant is not foreclosed from
presenting his claim via collateral attack by virtue of an application for
post-conviction writ of habeas corpus.  Ex
parte Nailor, 149 S.W.3d 125, 130-31 (Tex. Crim. App. 2004).