**Ex parte Mark Stephen NAILOR, Appellant.**

**No. 1109–03.**

Court of Criminal Appeals of Texas.

March 24, 2004.

20. *Jack II,* 64 S.W.3d at 697.

Randy Schaffer, Houston, for Appellant.

Alan Curry, Asst. DA, Houston, Matthew Paul, State's Attorney, Austin, for State.

## OPINION

COCHRAN, J., delivered the opinion for a unanimous Court.

In this case we must decide whether ineffective assistance of counsel claims rejected on direct appeal must be reconsidered along with other claims of deficient attorney conduct raised on a writ of habeas corpus under the "totality of the representation" standard of review.[1] The Fourteenth Court of Appeals held that appellant's failure to offer additional evidence in support of those specific allegations of deficient performance already rejected by the Fourth Court of Appeals barred relitigation of those claims on habeas corpus review.[2] The Fourteenth

---

1. We granted appellant's petition for discretionary review on the following three grounds: (1) The court of appeals erred in refusing to consider allegations of trial counsel's deficient performance that were rejected on appeal in determining whether the totality of the representation was ineffective; (2) The Fourteenth Court of Appeals erred in holding that counsel was not ineffective in relying on a defense that the Fourth Court of Appeals held was not raised by the evidence; and (3) The court of appeals erred in holding that counsel was not ineffective in failing to object to a police officer's opinion regarding the ultimate issue.

2. Appellant was convicted in County Court at Law No. 9 of Harris County. Appellant's conviction was affirmed on direct appeal to

Court of Appeals also held that trial counsel was not ineffective for: (1) relying upon a defensive theory of "accidental injury" or "no intent to harm" rather than the law of self-defense; and (2) failing to object to a police officer's opinion testimony that appellant was not "attacked." We agree with the Fourteenth Court of Appeals on all three issues and therefore affirm its judgment.

## I.

Officer Ludwig of the Houston Police Department responded to an assault call at appellant's residence. When Officer Ludwig arrived, he found appellant's live-in girlfriend, Ella Vines, covered in blood. Ella was terribly upset and told Officer Ludwig that appellant had punched her in the face and slammed her head into the floor. The officer found a broken ceramic figurine with blood on it in the house. Ella did not testify at trial, but other evidence showed that she had been at appellant's home all day watching his children from a previous marriage. Ella and appellant had a rocky relationship and on several occasions the police had been called to the residence. Ella was transported to the hospital for treatment of a laceration on her forehead. Ella's daughter arrived at the hospital and spoke with her mother. According to her daughter's testimony, Ella said that she was tired of being hit and that she was leaving the appellant. Specifically, Ella told her daughter that she had been hit with a porcelain figurine.

Appellant testified that when he came home on April 23, 2000, Ella accused him of having an affair, raised a brass eagle[3] over her head and threatened him. Appellant testified that he raised his arms to protect himself. In doing so, he knocked the brass eagle out of Ella's hands which caused the eagle to strike her in the face. Appellant said that Ella then pulled him by the shoulder causing him to fall on top of her. He got up and left the house.

Shortly thereafter, Officer Chad Deasey found appellant walking in a drainage ditch eight-to-nine blocks from his home. Appellant did not have any cuts, bruises, or injuries.

A jury convicted appellant of misdemeanor assault and he was sentenced to 120 days confinement in the Harris County Jail. After hiring new counsel, appellant filed a motion for new trial. In this motion, appellant made four allegations of ineffective assistance of counsel (the "first four allegations"[4]). After a hearing in which appellant's trial counsel testified, the trial court denied the motion. On direct appeal to the Fourth Court of Appeals, appellant alleged the same four grounds of ineffective assistance that he had raised in

the Fourth Court of Appeals. *Nailor v. State*, No. 04-00-00642-CR, 2001 WL 840553, 2001 Tex.App. LEXIS 4899 (San Antonio, July 25, 2001, pet. denied) (not designated for publication). This appeal comes to us by way of the Fourteenth Court of Appeals which affirmed the trial court's denial of a writ of habeas corpus. *Ex parte Nailor*, 105 S.W.3d 272 (Tex.App.-Houston [14th Dist.] 2003).

3. There was some discrepancy between the witnesses whether the object involved was a ceramic or porcelain figurine of a cat or a brass eagle.

4. These four allegations were that trial counsel:

(1) elicited evidence that applicant had been previously convicted of assaulting Ella;

(2) failed to present independent evidence of Ella's mental problems and her previous assault on applicant;

(3) failed to request a limiting instruction that the jury could consider applicant's prior assault conviction only in determining his credibility and not as substantive evidence of his guilt; and

(4) introduced a letter that was inconsistent with the defense theory.

the motion for new trial and added another five allegations of ineffective assistance (the "additional five allegations" [5]). The Fourth Court of Appeals found that trial counsel's representation was not deficient with respect to the first four allegations. With respect to the additional five allegations, the Fourth Court of Appeals found that the record was inadequate to evaluate appellant's claims. Thus, on direct appeal, the Fourth Court of Appeals rejected the first four allegations on their merits and did not reach the merits of the additional five allegations.[6]

Next, appellant filed a writ of habeas corpus in the trial court alleging ten allegations of ineffective assistance of counsel (the first four allegations, plus the additional five allegations, plus a new one [7]). Because the Fourth Court of Appeals had determined that the direct appeal record was inadequate to address the additional five allegations, appellant sought to develop a habeas record with respect to these additional five allegations, plus the new one (the "additional six allegations"), by submitting the affidavit of trial counsel. Trial counsel's affidavit addressed only the issues raised by the additional six allegations.[8]

The habeas court denied relief, and appellant appealed to the Fourteenth Court of Appeals. In its thorough and thoughtful opinion, that court refused to consider the merits of the first four allegations because these claims had already been rejected by the Fourth Court of Appeals, and this Court had denied appellant's petition for discretionary review in that appeal. However, the Fourteenth Court of Appeals did address the merits of the additional six allegations raised by appellant in his application for a writ of habeas corpus which the Fourth Court of Appeals, in its equally thorough opinion, had not rejected on the merits. It found that two of the additional six allegations constituted deficient performance.[9] However, appellant did not prove, by a preponderance of the evidence, that these two deficiencies prejudiced his defense.[10] Thus, while appellant satisfied the first prong of *Strickland,* he failed to satisfy the second prong, and therefore the court of appeals affirmed the trial court's denial of habeas relief.

## II.

In *Hernandez v. State,*[11] this Court adopted the two-prong test articu-

---

5. These five allegations were that trial counsel:
 (1) failed to object to the prosecutor cross-examining applicant about his prior drug use;
 (2) failed to object to the prosecutor asking applicant whether he beat his ex-wife and, despite his denial, arguing during summation that he was a wife-beater who liked to beat women;
 (3) failed to object to a police officer's opinion that applicant had not been attacked;
 (4) failed to object to Ella's daughter's opinion as to why Ella did not testify at trial; and
 (5) failed to object to argument that applicant had threatened to hurt Ella if she testified.

6. *Nailor v. State,* No. 04–00–00642–CR, 2001 WL 840553, 2001 Tex.App. LEXIS 4899 (San

Antonio, July 25, 2001, pet. denied) (not designated for publication).

7. The new allegation was that trial counsel erroneously relied on the law of self-defense, which was not raised by the evidence.

8. According to appellant, he did not develop additional evidence on the first four allegations that were rejected on their merits by the Fourth Court of Appeals because "[t]here was no reason for counsel to address the issues about which he had already testified."

9. *Ex parte Nailor,* 105 S.W.3d at 278–80.

10. *Id.* at 280.

11. 726 S.W.2d 53 (Tex.Crim.App.1986).

lated by the United States Supreme Court in *Strickland v. Washington*[12] for analyzing ineffective assistance of counsel claims.[13] Under this well-established standard, "[a]ny allegation of ineffectiveness must be firmly founded in the record."[14] First, a defendant must show, by a preponderance of the evidence, that counsel's performance was constitutionally deficient.[15] Second, the defendant must show that this deficient performance prejudiced his defense.[16] Under this two-pronged analytical framework, a defendant must overcome the "strong presumption that counsel's performance fell within the wide range of reasonable professional assistance."[17] Moreover, "[a]ppellate review of defense counsel's representation is highly deferential and presumes that counsel's actions fell within the wide range of reasonable and professional assistance."[18]

 Usually, ineffective assistance of counsel claims are analyzed under the "totality of the representation" standard.[19] That is, when a reviewing court considers a claim of ineffective assistance of counsel, it must first analyze all allegations of deficient performance, decide whether counsel's conduct was constitutionally deficient, and, if so, then consider whether those specific deficient acts or omissions, in their totality, prejudiced the defense.

### III.

Claims of ineffective assistance of counsel are frequently raised on direct appeal without the benefit of an adequate record and then re-urged on a writ of habeas corpus after they have been adequately developed in a post-conviction evidentiary hearing.[20] In *Ex parte Torres*,[21] we held that "[b]ecause the direct appeal record

**12.** 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

**13.** *Hernandez v. State*, 726 S.W.2d 53, 55 (Tex.Crim.App.1986). "This two-pronged test is the benchmark for judging whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a reliable result." *Thompson v. State*, 9 S.W.3d 808, 812–13 (Tex.Crim.App.1999).

**14.** *Thompson*, 9 S.W.3d at 813.

**15.** *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.*

**16.** *Id.* at 687, 104 S.Ct. 2052. "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.*

**17.** *Thompson*, 9 S.W.3d at 813 (citing *Strickland*, 466 U.S. at 689, 104 S.Ct. 2052).

**18.** *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim.App.2002).

**19.** *Thompson v. State*, 9 S.W.3d at 813; *Wilkerson v. State*, 726 S.W.2d 542, 548 (Tex.Crim. App.1986); *Ex parte Raborn*, 658 S.W.2d 602 (Tex.Crim.App.1983). *But see Thompson*, 9 S.W.3d at 813 (stating that "while this Court has been hesitant to designate any error as per se ineffective assistance of counsel as a matter of law, it is possible that a single egregious error of omission or commission by appellant's counsel constitutes ineffective assistance") (internal quotations omitted).

**20.** *See Bone*, 77 S.W.3d at 833 (stating that "[u]nder normal circumstances, the record on direct appeal will not be sufficient to show that counsel's representation was so deficient and so lacking in tactical or strategic decisionmaking as to overcome the presumption that counsel's conduct was reasonable and professional. As this Court recently explained, rarely will the trial record contain sufficient information to permit a reviewing court to fairly evaluate the merits of such a serious allegation: 'in the majority of cases, the record on direct appeal is simply undeveloped and cannot adequately reflect the failing of trial counsel' ").

**21.** 943 S.W.2d 469 (Tex.Crim.App.1997).

contained insufficient evidence to evaluate the ineffective assistance issue, ... the rejection of [applicant's] claim on direct appeal does not bar relitigation of his claim on habeas corpus to the extent that applicant seeks to gather and introduce additional evidence not contained in the direct appeal record." [22]

■ Claims raised and rejected on direct appeal are generally not cognizable on habeas corpus.[23] However, in *Ex parte Torres* we stated: "this doctrine should not be applied where [1] direct appeal cannot be expected to provide an adequate record to evaluate the claim in question, and [2] the claim might be substantiated through additional evidence gathering in a habeas corpus proceeding." [24] Thus, if the appellate court rejects a claim of ineffective assistance of counsel because the record on direct appeal does not contain sufficient information to adequately address and resolve a particular allegation of counsel's deficient performance, the defendant may re-urge consideration of that specific act or omission in a later habeas corpus proceeding if he provides additional evidence to prove his claim.

■ The exception articulated in *Ex parte Torres* does not apply here because

the record on direct appeal *was* adequate to evaluate the first four ineffective assistance allegations. On direct appeal, the Fourth Court of Appeals found that these first four allegations did not satisfy the first prong of *Strickland, i.e.,* appellant did not establish, by a preponderance of the evidence, that trial counsel's performance was deficient.[25] These four claims were rejected on their merits.

■ Appellant then filed an application for a writ of habeas corpus in the trial court, and raised the same nine allegations of ineffective assistance of counsel, plus a new one. In support of his writ of habeas corpus, appellant submitted the affidavit of his trial counsel to develop the habeas record on the additional six allegations. The trial court denied relief. Appellant appealed the denial of habeas relief to the Fourteenth Court of Appeals. That court concluded that the first four allegations of ineffective assistance could not be reconsidered on habeas review because appellant did not provide additional evidence in support of these specific allegations.[26] We agree with the court of appeals. We hold that specific allegations of deficient attorney performance that were rejected on direct appeal are not cognizable on habeas corpus as a part of a larger ineffective

22. *Ex parte Torres,* 943 S.W.2d 469, 475 (Tex. Crim.App.1997).

23. *See Ex parte Acosta,* 672 S.W.2d 470, 471–72 (Tex.Crim.App.1984); *Ex parte Schuessler,* 846 S.W.2d 850, 852 n. 6 (Tex.Crim.App. 1993); *Ex parte Torres,* 943 S.W.2d at 475.

24. *Ex parte Torres,* 943 S.W.2d at 475.

25. *Nailor v. State,* No. 04–00–00642–CR, 2001 WL 840553, 2001 Tex.App. LEXIS 4899 (San Antonio, July 25, 2001, pet. denied) (not designated for publication). The Fourth Court of Appeals also held that the direct appeal record was inadequate to address the additional five allegations of ineffective assistance. *Id.*

26. *Ex parte Nailor,* 105 S.W.3d at 275–76. The Fourteenth Court of Appeals also held

that appellant's first four allegations could not support his application for habeas relief under the law-of-the-case doctrine because the Fourth Court had already concluded that counsel's performance was not deficient with respect to the first four allegations. *Id.* at 276 n. 3. We need not resolve the issue of the applicability of the law-of-the-case doctrine because that was an alternate holding in the court below. It is sufficient for present purposes that appellant's four previously rejected claims—whether they were rejected on the merits or because the record evidence was insufficient to prove them—were not furthered developed during the habeas proceeding.

assistance of counsel claim when the defendant does not offer additional evidence to support that specific claim of deficient performance in the habeas proceeding.[27] We therefore overrule appellant's first ground for review.

## IV.

■ In his second ground for review, appellant argues that "[t]he Fourteenth Court of Appeals erred in holding that counsel was not ineffective in relying on a defense that the Fourth Court of Appeals held was not raised by the evidence." On direct appeal, appellant argued that his trial counsel was ineffective for not objecting to the trial court's omission of self-defense from the jury charge. The Fourth Court of Appeals held that appellant was not entitled to an instruction on self-defense and therefore his trial counsel was not ineffective for failing to object to its omission. In his application for a writ of habeas corpus, appellant argued that trial counsel was ineffective for relying on a defense that was not raised by the evidence. According to appellant, trial counsel surely must have been ineffective one way or the other. We disagree and conclude that appellant's trial defense was two-fold: (1) he did not intend to cause any harm; and (2) his acts were solely defensive in nature and were intended only to prevent Ella from injuring him with the brass eagle.

■ A defendant is entitled to an instruction on the law of self-defense if there is some evidence that he intended to use force against another and he did use force, but he did so only because he reasonably believed it was necessary to prevent the other's use of unlawful force.[28] In *Ferrel v. State*,[29] this Court stated that "[a] defendant is entitled to an instruction on self-defense if the issue is raised by the evidence."[30] However, "if the evidence, viewed in the light most favorable to the defendant, does not establish self-defense, the defendant is not entitled to an instruction on the issue."[31]

On direct appeal in this case, the Fourth Court of Appeals held that "because Nailor testified and argued that the victim was accidently injured and that he did not strike the victim with his hand as alleged by the State, Nailor was not entitled to a jury instruction on self-defense."[32] In his opening statement, trial counsel argued that it was an accident that the brass eagle struck the complainant. Similarly, appellant testified that when he raised his arms he accidently knocked the brass eagle out of Ella's hands and it then fell and hit her in the face. Appellant did not, at least overtly, rely on the law of self-defense; he

---

27. In this case, we are not faced with the converse situation in which a reviewing court on direct appeal finds that trial counsel provided constitutionally deficient assistance in some specific regard, but it cannot assess the merits of other claims because the record is insufficient, and therefore concludes that, under the totality of circumstances, the deficient performance did not prejudice the defendant. The defendant then files a writ of habeas corpus, setting out all of the same allegations and offers additional evidence on the claims that had not been addressed on direct appeal.

28. TEX. PENAL CODE § 9.31(a) ("a person is justified in using force against another when

and to the degree he reasonably believes the force is immediately necessary to protect himself against the other's use or attempted use of unlawful force").

29. 55 S.W.3d 586 (Tex.Crim.App.2001).

30. *Ferrel v. State*, 55 S.W.3d 586 (Tex.Crim. App.2001).

31. *Id.* at 591.

32. *Nailor v. State*, 2001 WL at *1, 2001 Tex. App. LEXIS 4899 at *3.

testified to the lack of a culpable mens rea, and he denied that the act the State alleged as causing her injury—striking Ella with his hand—was, in fact, the cause of her injury. According to appellant, it was the falling brass eagle that caused her injury. Therefore, appellant's defense was more in the nature of a denial of two of the State's alleged elements, rather than an admission of those elements with a legal justification for them.[33] This case, then, is analytically similar to our decision in *Young v. State.*[34]

In *Young*, the defendant argued that his attorney was constitutionally deficient because the defendant's testimony raised the legal defense of necessity, but trial counsel failed to request a jury instruction on the law of necessity.[35] This Court disagreed and held that the defendant denied committing the acts alleged and denied acting with any intent to cause the victim's death; therefore, his testimony disputed the elements of the State's case; it did not justify those intentional acts with a distinct legal defense. We explained:

In the present case, Appellant did not present the defense of necessity at trial. While trial counsel argued Appellant acted reasonably, according to Appellant's testimony regarding his actions, and that these actions were necessary to save his life, such an argument does not present the defense of necessity. To raise necessity, Appellant must admit he committed the offense and then offer necessity as a justification. Here, Appellant did not admit to attempted murder, albeit one that was justified by the defense of necessity. Appellant argued he did not commit the offense because he did not have the requisite intent and he did not perform the actions the State alleged. Appellant was therefore not entitled to a jury instruction on the defense of necessity.

Because Appellant was not entitled to a jury instruction on necessity, Appellant has not shown that counsel's performance in failing to request an instruction was deficient under the first part of

33. *See generally, Sanders v. State,* 707 S.W.2d 78, 81 (Tex.Crim.App.1986), *limited by Willis v. State,* 790 S.W.2d 307, 314 (Tex.Crim.App. 1990). In *Sanders,* this Court explained the nature of statutory legal defenses and when they are raised so as to require a jury instruction:

A perusal of the new Penal Code assures one that a defense does not merely negate an element of an offense. Rather, in all of the Code's defenses, one principle runs consistently throughout: evidence which constitutes a defense requires the accused to admit the commission of the offense, but to justify or excuse his actions so as to absolve him of criminal responsibility for engaging in conduct which otherwise constitutes a crime.... Such a *defense would consist of* facts which exonerate the defendant and *do not simply disprove an element of the offense.* ... This Court has long held that, if the alleged defensive theory merely negates an element of the offense, then no affirmative charge must be given.... The confu-

sion perhaps lies in this Court's failure to define the term "defense" and its ambiguous use of the terms "defensive theory or defensive issue."

*Id.* at 81 (emphasis in original; citations omitted). In *Willis,* this Court stated that "the *Sanders* Court spoke too generally in deciding that all defenses were in the nature of confession and avoidance. But having disavowed this language from *Sanders* and determining that in some circumstances the defendant will be entitled to defensive instructions although he has not admitted the crime," 790 S.W.2d at 314, a defensive theory of "accidental injury" or "no intent to injure" in an assault prosecution clearly disputes the elements of the offense. Such a defensive theory does not necessarily negate or prohibit an alternative theory of self-defense, but it does not necessarily invoke such a theory either.

34. 991 S.W.2d 835 (Tex.Crim.App.1999).

35. *Young v. State,* 991 S.W.2d 835, 836 (Tex. Crim.App.1999).

the Strickland test.[36]

Similarly, appellant did not rely upon the law of self-defense at trial. Both trial counsel's argument and appellant's testimony centered on a lack of intent, *i.e.*, it was an accident. As in *Young*, appellant argued that "he did not have the requisite intent and he did not perform the actions the State alleged." [37] Accordingly, appellant was not entitled to an instruction on self-defense. Because appellant has not shown that his trial counsel relied on the statutory law of self-defense, he has failed to establish, by a preponderance of the evidence, that his trial counsel was deficient either in failing to request an instruction on the law of self-defense or, conversely, in relying upon the defensive position that appellant's testimony raised. Appellant's second ground for review is overruled.

## V.

■■■■ In his third and final ground for review, appellant argues that "the [Fourteenth] Court of Appeals erred in holding that counsel was not ineffective in failing to object to a police officer's opinion regarding the ultimate issue." Specifically, appellant complains that appellant's trial counsel was constitutionally deficient because he did not object to Officer Ludwig's opinion testimony that appellant had not been attacked.[38] Under Texas Rule of Evidence 704, "[t]estimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact." [39] Rule 701 [40] permits a lay witness to offer opinion testimony if that opinion is "(a) rationally based on the perception of the witness and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue." [41]

---

**36.** *Young*, 991 S.W.2d at 839.

**37.** *Id.*

**38.** The pertinent testimony was:

State: When you saw the defendant that evening did he have any cuts, bruises on him? Was there any evidence that he had been physically attacked?
A: No, ma'am.
State: Did you have any reason to think that he had been attacked?
A: No, ma'am.
State: Was it your opinion based on your training and experience that he had not been attacked?
A: Yes, ma'am.

**39.** TEX.R. EVID. 704. *See, e.g., Fairow v. State*, 943 S.W.2d 895, 897 n. 5 (Tex.Crim.App. 1997) (noting that "it is no longer permissible to exclude opinion testimony" simply because it embraces an ultimate issue); *Johnson v. State* 970 S.W.2d 716, 720 (Tex.App.-Beaumont,1998, no pet.) (noting that "[t]estimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact").

**40.** Texas Rule of Evidence 701 provides:

If the witness is not testifying as an expert, the witnesses' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue.

**41.** *See, e.g., Fairow*, 943 S.W.2d at 898–99 (police officer may testify to his opinion concerning an individual's mental state); *Reece v. State*, 878 S.W.2d, 320, 325 (Tex.App.-Houston [1st Dist.] 1994, no pet.) (police officer may testify based on his training and experience, that the actions he observed were consistent with someone selling drugs); *Austin v. State*, 794 S.W.2d 408, 410–11 (Tex.App.-Austin 1990, pet. ref'd) (police officer allowed to testify that, based on his personal experience, it was his opinion that "Swedish deep muscle rub" was a code for prostitution); *Williams v. State*, 826 S.W.2d 783, 785 (Tex.App.-Houston [14th Dist.] 1992, pet. ref'd) (police officer could testify, as either a lay witness or an expert, that he interpreted the defendant's actions to be a drug transaction).

Because a lay witness may offer an opinion on an ultimate issue, appellant's contention that his trial counsel fell below an objective standard of reasonable competence for failing to object to Officer Ludwig's testimony regarding an ultimate issue is without merit. Whether the officer's testimony might have been objectionable on another basis is a question of the law of evidence that does not require decision in this case. All we must, and do, decide is that a competent trial counsel is not required to object to opinion evidence on the ground that it goes to an ultimate issue. Appellant's third ground for review is overruled.

Having rejected appellant's three grounds for review, we affirm the judgment of the court of appeals.