COURT OF 
APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-357-CR
 
  
NICHOLAS 
DREW WATKINS                                                   APPELLANT
  
V.
  
THE 
STATE OF TEXAS                                                                  STATE
 
  
------------
 
FROM 
COUNTY CRIMINAL COURT NO. 5 OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
I. Introduction
        Claiming 
ineffective assistance of counsel, Appellant Nicholas Drew Watkins appeals his 
conviction for assault causing bodily injury to a family member.  Because 
Appellant’s complaint is unsupported by the record, we affirm the trial 
court’s judgment.
II. Factual Background
        Appellant 
and the complainant, Chestine Bullard, are the biological parents of a young 
boy. At the time of the assault, Bullard and the child resided with 
Appellant’s mother, Marijo Watkins-Vaughn. Bullard testified that on the day 
of the assault, Appellant came to Watkins-Vaughn’s home and had a conversation 
with his mother; as a result of this conversation, Appellant verbally confronted 
Bullard. Believing that Watkins-Vaughn had made untrue statements about Bullard 
in the conversation with Appellant, Bullard then confronted Watkins-Vaughn about 
the alleged lies. Bullard testified that Appellant began hitting her repeatedly 
for calling his mother a liar; according to Appellant and his witnesses, 
Appellant never hit Bullard but merely stepped in to restrain her from hitting 
his mother. Appellant and Bullard ended up in a scuffle on the floor that lasted 
until a television set fell on them and Watkins-Vaughn told Appellant to get his 
son and leave while she calmed Bullard down.
        After 
Appellant picked up the boy and carried him outside, another scuffle ensued on 
the front lawn as Bullard attempted to pry the child from Appellant’s 
arms.  Again, trial testimony from various witness conflicted regarding 
what exactly took place during the struggle over the child.  Bullard and a 
neighbor across the street who witnessed the altercation testified that 
Appellant punched and kicked Bullard and that he slammed a car door on her, 
which Appellant and his witnesses denied.  Eventually, Appellant won the 
struggle over their son and left the scene with the child.
        After 
Appellant left, the neighbor who had witnessed the fight in Watkins-Vaughn’s 
front yard called 911. When the police arrived, they interviewed the neighbor, 
Watkins-Vaughn, and Bullard.  At trial, Watkins-Vaughn testified that her 
son never hit or kicked Bullard, but the police officers who interviewed 
Watkins-Vaughn at the scene testified that she told them that Appellant had hit 
Bullard.  A jury convicted Appellant of assault causing bodily injury to a 
family member and imposed a sentence of 180 days’ confinement in the Tarrant 
County Jail and a $2000 fine.
III. Ineffective Assistance of Counsel
        In 
his sole point on appeal, Appellant complains that he received ineffective 
assistance from his counsel at trial. We apply a two-pronged test to ineffective 
assistance of counsel claims.  Strickland v. Washington, 466 U.S. 
668, 687, 104 S. Ct. 2052, 2064 (1984); Thompson v. State, 9 S.W.3d 808, 
812 (Tex. Crim. App. 1999). First, Appellant must show that his counsel’s 
performance was deficient; second, Appellant must show that the deficient 
performance prejudiced the defense. See Strickland, 466 U.S. at 687, 104 
S. Ct. at 2064.
        In 
evaluating the effectiveness of counsel under the first prong, we look to the 
totality of the representation and the particular circumstances of each case. Thompson, 
9 S.W.3d at 813. The issue is whether counsel’s assistance was reasonable 
under all the circumstances and prevailing professional norms at the time of the 
alleged error. See Strickland, 466 U.S. at 688-89, 104 S. Ct. at 2065. 
“[C]ounsel is strongly presumed to have rendered adequate assistance and made 
all significant decisions in the exercise of reasonable professional 
judgment.” Id. at 690, 104 S. Ct. at 2066. An allegation of ineffective 
assistance must be firmly founded in the record, and the record must 
affirmatively demonstrate the alleged ineffectiveness. Thompson, 9 S.W.3d 
at 813. Our scrutiny of counsel’s performance must be highly deferential, and 
every effort must be made to eliminate the distorting effects of hindsight. Strickland, 
466 U.S. at 689, 104 S. Ct. at 2065.
        Here, 
Appellant argues that his counsel was ineffective because she failed to object 
to impeachment evidence when the State had not laid the proper predicate. Rule 
613(a) of the Texas Rules of Evidence provides that before a witness is examined 
concerning a prior inconsistent statement, the witness must be told the contents 
of such statement and the time and place and the person to whom it was made, and 
she must be afforded an opportunity to explain or deny such statement. Tex. R. Evid. 613(a). At trial, the 
State recalled Officer Monica Bowden to rebut Watkins-Vaughn’s testimony 
during Appellant’s case-in-chief that Appellant did not hit Bullard. Officer 
Bowden testified that, when she interviewed Watkins-Vaughn after the dispute, 
Watkins-Vaughn told her that Appellant hit Bullard twice in the front yard. 
Watkins-Vaughn was not first given the opportunity to explain or deny this 
statement.
        Evaluating 
the totality of the representation, however, we conclude that Appellant’s 
counsel’s performance was not deficient under Strickland even though 
she did not object to this rebuttal testimony. Throughout both the 
guilt/innocence and punishment phases of trial, Appellant’s counsel filed 
numerous motions and objected repeatedly. Appellant points us to one isolated 
incident in which his counsel could have objected on predicate grounds to 
testimony from Officer Bowden that revealed a prior inconsistent statement by 
Watkins-Vaughn. An isolated failure to object to certain procedural mistakes or 
improper evidence, however, does not generally constitute ineffective assistance 
of counsel.[2]  See Ingham v. State, 679 
S.W.2d 503, 509 (Tex. Crim. App. 1984). When the record is silent as to 
counsel’s reason for failing to object, the appellant fails to rebut the 
presumption that counsel acted reasonably. Thompson, 9 S.W.3d at 814.[3]
        Appellant 
also contends that he was afforded ineffective assistance because his trial 
counsel failed to seek a limiting instruction regarding all the impeachment 
testimony provided by Officers Bowen and Olsen as to Watkins-Vaughn’s prior 
inconsistent statements. In addition to the prior statement described above, 
Officer Bowden also testified about another prior inconsistent statement by 
Watkins-Vaughn, for which the predicate had been properly laid, that Appellant 
was “restraining [Bullard] too hard” and was “rough handling” her. 
Furthermore, previous rebuttal testimony from the other officer present at the 
scene, Officer Ryan Olson, had already revealed prior inconsistent statements by 
Watkins-Vaughn asserting that Appellant hit Bullard while the two were fighting 
inside the house and outside in the front yard. In light of this testimony, 
Appellant’s trial counsel could have legitimately chosen to forego requesting 
a limiting instruction to avoid bringing further attention to the prior 
statements regarding Appellant’s hitting Bullard. See Garcia v. State, 
887 S.W.2d 862, 881 (Tex. Crim. App. 1994), abrogated on other grounds, Hammock 
v. State, 46 S.W.3d 889, 893 (Tex. Crim. App. 2001), cert. denied, 
514 U.S. 1021 (1995) (stating that counsel’s strategic decision against 
requesting a limiting instruction was reasonable because the defense did not 
want to draw more attention to the incriminating evidence in the prior 
statements).
        Nevertheless, 
the record in this case is silent as to why trial counsel did not request a 
limiting instruction on the impeachment testimony.  Because trial counsel 
is presumed to have rendered adequate assistance and made all significant 
decisions in the exercise of reasonable professional judgment, we must conclude, 
in the face of a silent record, that Appellant failed to rebut the presumption 
that his trial counsel’s assistance was effective.[4]   
Because Appellant has not pointed us to record evidence showing that counsel’s 
failures to object and request a limiting instruction were not part of a 
legitimate trial strategy, he has not rebutted the presumption that counsel 
acted reasonably. See Thompson, 9 S.W.3d at 814. Thus, Appellant has 
failed to meet his burden on the first prong of the Strickland test. We 
overrule Appellant’s point.[5]
IV. Conclusion
        Having 
overruled Appellant’s sole point, we affirm the trial court’s judgment.
  
   
                                                          PER 
CURIAM
  
 
 
PANEL 
F:   MCCOY, GARDNER, and WALKER, JJ.
 
GARDNER, 
J. concurs without opinion.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
August 4, 2005


NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
We note that even if trial counsel had lodged an objection to Officer Bowden’s 
impeachment testimony, the State could have recalled Watkins-Vaughn for the 
purpose of laying a proper predicate and then proceeded with its question to 
Officer Bowden regarding the inconsistent statement.  See Love v. State, 
861 S.W.2d 899, 903 n.7 (Tex. Crim. App. 1993) (noting that the trial court in 
its discretion may permit a witness to be recalled for the purpose of laying a 
predicate for impeachment).
3.  
The Thompson court stated that “[a]n appellate court should be 
especially hesitant to declare counsel ineffective based upon a single alleged 
miscalculation during what amounts to otherwise satisfactory representation, 
especially when the record provides no discernible explanation of the motivation 
behind counsel’s actions—whether those actions were of strategic design or 
the result of negligent conduct.”  Id.
4.  
Ineffective assistance claims are usually best addressed by a post-conviction 
writ of habeas corpus.  See Thompson, 9 S.W.3d at 814 & n.6; Ex 
parte Torres, 943 S.W.2d 469, 475-76 (Tex. Crim. App. 1997).  But 
see Ex parte Nailor, 149 S.W.3d 125, 131-32 (Tex. Crim. App. 2004) (holding 
that specific allegations of deficient attorney performance that were rejected 
on direct appeal are not cognizable on habeas corpus as a part of a larger 
ineffective assistance of counsel claim when the defendant does not offer 
additional evidence to support that specific claim of deficient performance in 
the habeas proceeding).
5.  
Having decided that Appellant has not met the first Strickland prong, we 
need not address the second prong.  466 U.S. at 697, 104 S. Ct. at 2069.