Watkins v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-357-CR

NICHOLAS DREW WATKINS APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM COUNTY CRIMINAL COURT NO. 5 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.  Introduction

Claiming ineffective assistance of counsel, Appellant Nicholas Drew Watkins appeals his conviction for assault causing bodily injury to a family member.  Because Appellant’s complaint is unsupported by the record, we affirm the trial court’s judgment.

II. Factual Background

Appellant and the complainant, Chestine Bullard, are the biological parents of a young boy.  At the time of the assault, Bullard and the child resided with Appellant’s mother, Marijo Watkins-Vaughn.  Bullard testified that on the day of the assault, Appellant came to Watkins-Vaughn’s home and had a conversation with his mother; as a result of this conversation, Appellant verbally confronted Bullard.  Believing that Watkins-Vaughn had made untrue statements about Bullard in the conversation with Appellant, Bullard then confronted Watkins-Vaughn about the alleged lies.  Bullard testified that Appellant began hitting her repeatedly for calling his mother a liar; according to Appellant and his witnesses, Appellant never hit Bullard but merely stepped in to restrain her from hitting his mother.  Appellant and Bullard ended up in a scuffle on the floor that lasted until a television set fell on them and Watkins-Vaughn told Appellant to get his son and leave while she calmed Bullard down.

After Appellant picked up the boy and carried him outside, another scuffle ensued on the front lawn as Bullard attempted to pry the child from Appellant’s arms.  Again, trial testimony from various witness conflicted regarding what exactly took place during the struggle over the child.  Bullard and a neighbor across the street who witnessed the altercation testified that Appellant punched and kicked Bullard and that he slammed a car door on her, which Appellant and his witnesses denied.  Eventually, Appellant won the struggle over their son and left the scene with the child.

After Appellant left, the neighbor who had witnessed the fight in Watkins-Vaughn’s front yard called 911.  When the police arrived, they interviewed the neighbor, Watkins-Vaughn, and Bullard.  At trial, Watkins-Vaughn testified that her son never hit or kicked Bullard, but the police officers who interviewed Watkins-Vaughn at the scene testified that she told them that Appellant had hit Bullard.  A jury convicted Appellant of assault causing bodily injury to a family member and imposed a sentence of 180 days’ confinement in the Tarrant County Jail and a $2000 fine.

III. Ineffective Assistance of Counsel

In his sole point on appeal, 
Appellant 
complains that he received ineffective assistance from his counsel at trial.  We apply a two-pronged test to ineffective assistance of counsel claims.  
Strickland v. Washington
, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); 
Thompson v. State
, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).  First, Appellant must show that his counsel’s performance was deficient; second, Appellant must show that the deficient performance prejudiced the defense.  
See Strickland
, 466 U.S. at 687, 104 S. Ct. at 2064.  

In evaluating the effectiveness of counsel under the first prong, we look to the totality of the representation and the particular circumstances of each case.  
Thompson
, 9 S.W.3d at 813.  The issue is whether counsel’s assistance was reasonable under all the circumstances and prevailing professional norms at the time of the alleged error.  
See Strickland
, 466 U.S. at 688-89, 104 S. Ct. at 2065.  “[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.”  
Id.
 at 690, 104 S. Ct. at 2066.  An allegation of ineffective assistance must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness.  
Thompson
, 9 S.W.3d at 813.  Our scrutiny of counsel’s performance must be highly deferential, and every effort must be made to eliminate the distorting effects of hindsight.  
Strickland
, 466 U.S. at 689, 104 S. Ct. at 2065.

Here, Appellant argues that his counsel was ineffective because she failed to object to impeachment evidence when the State had not laid the proper predicate.  Rule 613(a) of the Texas Rules of Evidence provides that before a witness is examined concerning a prior inconsistent statement, the witness must be told the contents of such statement and the time and place and the person to whom it was made, and she must be afforded an opportunity to explain or deny such statement.  
Tex. R. Evid.
 613(a).  At trial, the State recalled Officer Monica Bowden to rebut Watkins-Vaughn’s testimony during Appellant’s case-in-chief that Appellant did not hit Bullard.  Officer Bowden testified that, when she interviewed Watkins-Vaughn after the dispute, Watkins-Vaughn told her that Appellant hit Bullard twice in the front yard.  Watkins-Vaughn was not first given the opportunity to explain or deny this statement.

Evaluating the totality of the representation, however, we conclude that Appellant’s counsel’s performance was not deficient under 
Strickland
 even though she did not object to this rebuttal testimony.  Throughout both the guilt/innocence and punishment phases of trial, Appellant’s counsel filed numerous motions and objected repeatedly.  Appellant points us to one isolated incident in which his counsel could have objected on predicate grounds to testimony from Officer Bowden that revealed a prior inconsistent statement by Watkins-Vaughn.  
An isolated failure to object to certain procedural mistakes or improper evidence, however, does not generally constitute ineffective assistance of counsel.
(footnote: 2)  
See Ingham v. State
, 679 S.W.2d 503, 509 (Tex. Crim. App. 1984).  When the record is silent as to counsel’s reason for failing to object, the appellant fails to rebut the presumption that counsel acted reasonably.  
Thompson
, 9 S.W.3d at 814.
(footnote: 3) 

Appellant also contends that he was afforded ineffective assistance because his trial counsel failed to seek a limiting instruction regarding all the impeachment testimony provided by Officers Bowen and Olsen as to Watkins-Vaughn’s prior inconsistent statements.  In addition to the prior statement described above, Officer Bowden also testified about another prior inconsistent statement by Watkins-Vaughn, for which the predicate had been properly laid, that Appellant was “restraining [Bullard] too hard” and was “rough handling” her.  Furthermore, previous rebuttal testimony from the other officer present at the scene, Officer Ryan Olson, had already revealed prior inconsistent statements by Watkins-Vaughn asserting that Appellant hit Bullard while the two were fighting inside the house and outside in the front yard.  In light of this testimony, Appellant’s trial counsel could have legitimately chosen to forego requesting a limiting instruction to avoid bringing further attention to the prior statements regarding Appellant’s hitting Bullard.  
See Garcia v. State
, 887 S.W.2d 862, 881 (Tex. Crim. App. 1994), 
abrogated on other grounds,
 
Hammock v. State
, 46 S.W.3d 889, 893 (Tex. Crim. App. 2001), 
cert. denied
, 514 U.S. 1021 (1995) (stating that counsel’s strategic decision against requesting a limiting instruction was reasonable because the defense did not want to draw more attention to the incriminating evidence in the prior statements).

Nevertheless, the record in this case is silent as to why trial counsel did not request a limiting instruction on the impeachment testimony.  Because trial counsel is presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment, we must conclude, in the face of a silent record, that Appellant failed to rebut the presumption that his trial counsel’s assistance was effective.
(footnote: 4)  Because Appellant has not pointed us to record evidence showing that counsel’s failures to object and request a limiting instruction were not part of a legitimate trial strategy, he has not rebutted 
the presumption that counsel acted reasonably.  
See Thompson
, 9 S.W.3d at 814.
  Thus, Appellant has failed to meet his burden on the first prong of the 
Strickland
 test.  We overrule Appellant’s point.
(footnote: 5) 

IV. Conclusion

Having overruled Appellant’s sole point, we affirm the trial court’s judgement.  

PER CURIAM 

PANEL F: MCCOY, GARDNER, and WALKER, JJ.

GARDNER, J. concurs without opinion.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  August 4, 2005

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2:
We note that even if trial counsel had lodged an objection to Officer Bowden’s impeachment testimony, the State could have recalled Watkins-Vaughn for the purpose of laying a proper predicate and then proceeded with its question to Officer Bowden regarding the inconsistent statement.  
See Love v. State
, 861 S.W.2d 899, 903 n.7 (Tex. Crim. App. 1993) (noting that the trial court in its discretion may permit a witness to be recalled for the purpose of laying a predicate for impeachment)
.

3:
The 
Thompson
 court stated that “[a]n appellate court should be especially hesitant to declare counsel ineffective based upon a single alleged miscalculation during what amounts to otherwise satisfactory representation, especially when the record provides no discernible explanation of the motivation behind counsel’s actions—whether those actions were of strategic design or the result of negligent conduct.”  
Id.

4:
Ineffective assistance claims are usually best addressed by a post-conviction writ of habeas corpus.  
See Thompson
, 9 S.W.3d at 814 & n.6; 
Ex parte Torres
, 943 S.W.2d 469, 475-76 (Tex. Crim. App. 1997). 
 But see Ex parte Nailor
, 149 S.W.3d 125, 131-32 (Tex. Crim. App. 2004) (holding that specific allegations of deficient attorney performance that were rejected on direct appeal are not cognizable on habeas corpus as a part of a larger ineffective assistance of counsel claim when the defendant does not offer additional evidence to support that specific claim of deficient performance in the habeas proceeding)
.

5:
Having decided that Appellant has not met the first 
Strickland
 prong, we need not address the second prong. 
 
466 U.S. at 697
, 104 S. Ct. at 2069.