NUMBER 13-04-00589-CR

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI B EDINBURG

                                                                                                                       


JEFF DRONE,                                                                                   Appellant,

 

                                                             v.

 

THE STATE OF TEXAS,                                                                    Appellee.

                                                                                                                       


     On appeal from the 24th District Court of Victoria County,
Texas.

                                                                   
                                                    

                       MEMORANDUM OPINION

 

               Before Justices Hinojosa,
Rodriguez, and Garza

                         Memorandum
Opinion by Justice Hinojosa

 

Appellant, Jeff Drone, pleaded guilty to the
offense of sexual assault, and the trial court assessed his punishment at ten
years= imprisonment.  In two issues, appellant contends (1) the
State made inadmissible references to plea negotiations during closing argument
on punishment, and (2) he received ineffective assistance of counsel.  We affirm.








Appellant was indicted for sexual
assault.  He entered a plea of not guilty
and requested a jury trial.  At trial,
the videotaped confession of appellant was presented and published to the
jury.  Appellant then changed his plea to
guilty and asked that the court assess punishment.  The jury was dismissed, and the trial court
proceeded to the punishment phase of the trial.

During the punishment phase, appellant took
the stand and testified that he never wanted to Ago to court@ but he wanted to help his family.  He testified that it was his desire to plead
guilty months earlier, but he had concerns regarding the facts of the
case.  He stated that although the
recommendation did not include penitentiary time, he did not want to accept the
plea agreement because he wanted to keep his job.  

On cross-examination, the State asked
appellant what kind of punishment he thought he should receive.  Appellant stated that he thought about the
offer made to him by the State, the offer where he could stay out of prison and
work.  The State asked appellant if that
was the offer he had chosen not to take, and appellant replied affirmatively.  The State then asked, AMr. Drone, you had the opportunity,
according to you, to take the State=s offer a long time ago, isn=t that correct?@ 
Appellant nodded in reply, and the State proceeded, AAnd you chose not to.  You chose not to take probation back then and
. . . .  Now why should B do you think that you should have probation
today?@

During closing argument, the State once
again referred to the prior plea discussions in response to appellant=s testimony that it was his desire to do the
right thing for his family.

In his first issue, appellant asserts the
State=s reference to the plea discussions is
improper under rule 410 of the Texas Rules of Evidence.  Tex.
R. Evid. 410.  Rule 410 provides,
in pertinent part, as follows:








Except as otherwise provided in this rule, evidence of the following is
not admissible against the defendant who made the plea or was a participant in
the plea discussions:

 

(4)  any statement made in the
course of plea discussions with an attorney for the prosecuting authority, in a
civil case, that do not result in a plea of guilty or that result in a plea of
guilty later withdrawn, or in a criminal case, that do not result in a plea of
guilty or a plea of nolo contendere or that results in a plea, later withdrawn,
of guilty or nolo contendere.

 

However, such a statement is admissible in any proceeding wherein
another statement made in the course of the same plea or plea discussions has
been introduced and the statement ought in fairness be considered
contemporaneously with it.

 

Id.

The record
shows it was appellant, not the State, that first presented testimony regarding
the prior plea discussions.  The State
was, therefore, allowed Ain fairness@ to cross-examine appellant regarding his
testimony and to respond during closing argument to appellant=s testimony. 
Appellant=s first issue is overruled.

In his second
issue, appellant complains that he received ineffective assistance of counsel
during trial because counsel failed to object to the State=s questions and argument regarding the prior
plea discussions.

The standard of
review for a claim of ineffective assistance of counsel is well established.  See Strickland v. Washington, 466 U.S.
668, 687 (1984); Thompson v. State, 9 S.W.3d 808, 814 (Tex. Crim. App.
1999); Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994).








In the absence of affirmative evidence
contained in the record, we presume that trial counsel=s actions were strategically motivated and
that counsel=s conduct fell within the wide range of
reasonable professional assistance.  Strickland,
466 U.S. at 689;  Thompson, 9
S.W.3d at 814; Jackson, 877 S.W.2d at 771.  We will not conclude that the conduct was
deficient unless the conduct was so outrageous that no competent attorney would
have engaged in it.  Garcia v. State,
57 S.W.3d 436, 440 (Tex. Crim. App. 2001).

The record in this case does not show trial
counsel=s reasoning behind the challenged
conduct.  Because appellant=s complaint that he received ineffective
assistance of trial counsel is not firmly founded in the record, and the record
does not affirmatively demonstrate the alleged ineffectiveness, we cannot say
that trial counsel=s performance failed to constitute
reasonably effective assistance by falling below an objective standard of
reasonableness.[1]  Appellant=s second issue is overruled.

The judgment of the trial court is affirmed.

 

 

FEDERICO G. HINOJOSA

Justice

 

Do
not publish.  See Tex. R. App. P. 47.2(b).

 

Memorandum
Opinion delivered and filed

this
the 13th day of July, 2006.











[1] Appellant is not foreclosed from
presenting his claim via collateral attack by virtue of an application for post‑conviction
writ of habeas corpus.  See Ex parte
Nailor, 149 S.W.3d 125, 130‑31 (Tex. Crim. App. 2004); Ex parte
Varelas, 45 S.W.3d 627, 629 (Tex. Crim. App. 2001).