IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-73,875-01






EX PARTE GABRIELA SALAZAR, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 06CR4059D IN THE 105TH DISTRICT COURT


FROM NUECES COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated
robbery and sentenced to sixteen years' imprisonment. The Thirteenth Court of Appeals affirmed
her conviction. Salazar v. State, No. 13-07-00208-CR (Tex. App.-Corpus Christi 2008, no pet.). 

 Applicant contends that her trial counsel rendered ineffective assistance at the punishment
stage. The trial court made findings of fact and concluded that Applicant's claim is without merit.
We agree. We do not agree, however, that her claim is not cognizable and should be dismissed. The
trial court concluded that because Applicant's claim was raised on direct appeal, it is not cognizable
and should be dismissed. It is clear that the record on direct appeal was not adequate to evaluate the
merits of her claim. In such cases, an applicant is not barred from relitigating the merits of an
ineffective assistance of counsel claim in a habeas application if she provides additional evidence
to prove her claim. See Ex parte Torres, 943 S.W.2d 469, 475 (Tex. Crim. App. 1997); Ex parte
Nailor, 149 S.W.3d 125, 131-32 (Tex. Crim. App. 2004). We also note that even if the court of
appeals had rejected Applicant's claim based on an adequate record, this Court would have denied
rather than dismissed her claim. With these words, we deny relief. 


Filed: May 19, 2010

Do not publish