IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NOS. WR-73,808-01 and WR-73,808-02




EX PARTE COURTNEY EUGENE PEACE, Applicant




ON APPLICATIONS FOR A WRIT OF HABEAS CORPUS
CAUSE NOS. W00-20904-J and W00-20907-J IN THE CRIMINAL DISTRICT COURT
NO. THREE 
FROM DALLAS COUNTY



           Per curiam.
 
O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated
robbery and aggravated assault and sentenced to fifteen years’ imprisonment in each cause. The
Eleventh Court of Appeals affirmed his convictions. Peace v. State, Nos. 11-01-00408 and 00409-CR (Tex. App.–Eastland, delivered May 16, 2002, pet. ref’d). 
            Applicant contends, inter alia, that his trial counsel rendered ineffective assistance because
she:
A. Failed to preserve error regarding the trial court’s denial of Applicant’s motion for
new trial by failing to object to the unreasonable discovery date, failing to exercise
due diligence in locating witnesses, and failing to file proper motions for
continuance;
 
B. Failed to exercise due diligence and timely obtain Applicant’s cellular phone
records, and; 
 
C. Filed below standard motions, failed to get rulings on pretrial motions and
objections, failed to timely request subpoenas and have witnesses served, failed to
object to the State’s repeated attempts to inject facts not in evidence, and failed to
know procedural rules regarding motions for new trial.

            The trial court finds that these issues, set out in the instant applications as grounds four, five
and six, were raised and rejected on direct appeal and are procedurally barred from consideration.
However, we find that the intermediate appellate court did not have a complete record when it
considered these claims and they are not procedurally barred from consideration. Ex parte Nailor,
149 S.W.3d 125 (Tex. Crim. App. 2004); Ex parte Torres 943 S.W.2d 469 (Tex. Crim. App. 1997). 
            Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall provide Applicant’s trial counsel with the opportunity to respond to Applicant’s claim of
ineffective assistance of counsel. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. 
Id.
            If the trial court elects to hold a hearing, and Applicant is no longer represented by counsel


,
it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented
by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. Tex. Code
Crim. Proc. art. 26.04. 
            The trial court shall make findings of fact as to whether the performance of Applicant’s trial
attorney was deficient and, if so, whether counsel’s deficient performance prejudiced Applicant. The
trial court shall also make any other findings of fact and conclusions of law that it deems relevant
and appropriate to the disposition of Applicant’s claim for habeas corpus relief.
            These applications will be held in abeyance until the trial court has resolved the fact issues. 
The issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of
the order granting the continuance shall be sent to this Court. A supplemental transcript containing
all affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing
or deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: October 6, 2010
Do not publish