

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-75,812-04

### EX PARTE MICHAEL S. SADLER, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 07-02-14104-C-BCCR IN THE 220TH DISTRICT COURT FROM BOSQUE COUNTY

*Per curiam.*

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and sentenced to thirty years' imprisonment. The Tenth Court of Appeals affirmed his conviction. *Sadler v. State*, No. 10-07-00323-CR (Tex. App.—Waco April 29, 2009).

Applicant contends in multiple grounds that both his trial counsel and his appellate counsel rendered ineffective assistance. There are no responses from either counsel, nor are there findings from the trial court. Ineffective assistance of counsel grounds are not waived by the failure to raise them on direct appeal and are often better raised on habeas. *Ex parte Nailor*, 149 S.W.3d 125, 131

(Tex. Crim. App. 2004). Applicant's previous three habeas applications did not attack the conviction and therefore did not trigger the bar on subsequent habeas applications. Tex. Code Crim. Pro. Art. 11.07 § 4(a).

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order both trial counsel and appellate counsel to respond to all of Applicant's claims of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make findings regarding the performance of appellate counsel. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or

deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: April 15, 2015
Do not publish