

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-19-00380-CR

KIMBERLY LEIGH MOLL, APPELLANT

V.

STATE OF TEXAS, APPELLEE

On Appeal from the 453rd District Court of
Hays County, Texas
Trial Court No. 18-0932-E, Honorable David Junkin, Presiding

August 5, 2020

## MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Kimberly Leigh Moll appeals her conviction for "Assault Family Violence." This was a lesser-included offense of the charge for which she was originally charged and tried, namely assault family violence by strangulation. The sole issue before us is whether the trial court erred in denying her request for an instruction on self-defense. We conclude that it did not and affirm the judgment and conviction.[1]

---

[1]Because this appeal was transferred from the Third Court of Appeals, we are obligated to apply its precedent when available in the event of a conflict between the precedents of that court and this Court. *See* TEX. R. APP. P. 41.3.

As is in many trials, the version of events differs from victim to assailant. Here, the jurors were asked to determine whether appellant attempted to thwart blows to her face by her niece through simply lifting her niece by the armpits and moving her away. Or, did she respond to her niece's act of placing her hand over appellant's mouth (to calm appellant) by grabbing her niece by the throat and pushing her against a porch pillar. Appellant informed the police she simply did the former.

Common to both the original accusation and the lesser-included offense is the element of bodily injury, as can be seen by the jury charge. That is, to gain conviction the State had to prove, among other things, that appellant intentionally, knowingly, or recklessly "caused bodily injury" to her niece. *See* TEX. PENAL CODE ANN. § 22.01(a)(1) (West 2019) (stating that a person commits the offense of assault by intentionally, knowingly, or recklessly "causing bodily injury to another"). Furthermore, "bodily injury" means "physical pain, illness, or any impairment of physical condition." *Id.* § 1.07(a)(8). We mention this because self-defense is a defense falling within the realm of confession and avoidance. *Jordan v. State*, 593 S.W.3d 340, 343 (Tex. Crim. App. 2020). One interposes it as a means of justifying, and therefore, excusing criminal conduct. *Shaw v. State*, 243 S.W.3d 647, 659 (Tex. Crim. App. 2007). And, being within the realm of confession and avoidance, it "requir[es] the defendant to admit to his otherwise illegal conduct." *Jordan*, 593 S.W.3d at 343. This does not necessarily mean the defendant himself must admit to committing the crime; it is enough that an admission may be inferred from the defensive evidence presented. *See Juarez v. State*, 308 S.W.3d 398, 406 (Tex. Crim. App. 2010) (stating that in *Shaw*, the court "expanded the admission requirement and said that a defendant's defensive evidence must admit to the conduct"). So, as stated

in *Shaw*, the "defensive instruction is only appropriate when the defendant's defensive evidence essentially admits to every element of the offense *including* the culpable mental state." *Shaw*, 243 S.W.3d at 659 (emphasis in original).

Given the foregoing authority, appellant's defensive evidence must essentially admit to every element of the assault of which she was accused. One element involved is causing bodily injury. We note the absence of evidence from which one could reasonably infer that appellant admitted to that. From her words, as captured on police videos, her niece began striking her (appellant) in the face when the two came into first contact. Appellant informed authorities that she responded by simply placing her hands under the armpits of her niece, lifting the 120-pound female, moving her away, and leaving. No effort was made to describe how that conduct resulted in her niece suffering pain, illness or impairment of a physical condition; nor did we encounter evidence of injury arising from the niece being so moved. In effect, appellant was simply denying she did that of which the State accused her, causing bodily injury and did not acknowledge that she performed the actions alleged by the state. *See Johnson v. State*, No. 05-18-00313-CR, 2019 Tex. App. LEXIS 4382, at *6 (Tex. App.—Dallas May 29, 2019, no pet.) (mem. op., not designated for publication) (quoting *Ex parte Nailor*, 149 S.W.3d 125, 134 (Tex. Crim. App. 2004)) (stating that though "a defendant is 'not required to concede the State's version of the events,' . . . she must at least acknowledge 'perform[ing] the actions the State alleged'"). So, the defensive evidence failed to "essentially admit[] to every element of the offense," as required, and the trial court did not error in withholding the self-defense instruction. *See id.* (holding that the defendant was not entitled to an instruction on self-

defense because she "did not confess to using force to cause David bodily injury, denied initiating any contact with David, and claimed David's injuries were entirely self-inflicted").

We overrule appellant's sole issue and affirm the judgment of the trial court.

Per Curiam

Do not publish.