

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-91,705-01

### EX PARTE RONNIE WHITE JR., Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 17-11-12,792-A IN THE 24TH DISTRICT COURT FROM DEWITT COUNTY

*Per curiam*.

### O R D E R

Applicant was convicted of possession of methamphetamine and sentenced to fifteen years' imprisonment. The thirteenth Court of Appeals affirmed his conviction. *White v. State*, No. 13-18-00292-CR (Tex. App.—Corpus Christi del. Jul. 18, 2019); *see also Ex parte Nailor*, 149 S.W.3d 125 (Tex. Crim. App. 2004). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* Tex. Code Crim. Proc. art. 11.07.

Applicant argues that trial counsel was ineffective regarding: (1) Applicant's desire to accept a pretrial plea offer; and (2) extraneous offense testimony that was admitted against him at trial, which testimony Applicant alleges was false. Applicant has alleged facts that, if true, might entitle

him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Weinstein*, 421 S.W.3d 656 (Tex. Crim. App. 2014) . There is no response from counsel in the habeas record or findings from the trial court. Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

The trial court shall order trial counsel to respond to Applicant's claims. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law addressing Applicant's claims of ineffective assistance and false testimony. The trial court may also make any other findings and conclusions that it deems appropriate.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: March 17, 2021

Do not publish