NUMBER 13-05-00242-CR

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI B EDINBURG

 

CRYSTAL YVETTE ROBERSON,                                                    Appellant,

 

                                                             v.

 

THE STATE OF TEXAS,                                                                    Appellee.

 

     On appeal from the 262nd District Court of Harris County,
Texas.

 

                      MEMORANDUM OPINION[1]

 

               Before Justices Hinojosa,
Rodriguez, and Garza

                         Memorandum
Opinion by Justice Hinojosa

 








A jury found appellant, Crystal Yvette Roberson,
guilty of the offense of forgery, and the trial court assessed her punishment
at twelve years= imprisonment. 
In a single point of error, appellant complains that she received
ineffective assistance of trial counsel. 
We affirm.

                                                     A.  Standard
of Review

The standard of review for ineffective assistance of
counsel claims is well established. 
Appellant must show that (1) counsel's performance was deficient, and
(2) the deficiency of counsel's performance caused prejudice to appellant.  See Strickland v. Washington,
466 U.S. 668, 687 (1984); Cardenas v. State, 30 S.W.3d 384, 391 (Tex.
Crim. App. 2000).  The deficiency must be
to the point that counsel failed to function as counsel.  Yates v. State, 917 S.W.2d 915, 920
(Tex. App.BCorpus Christi 1996, pet. ref=d).  Such
claims must be firmly founded in the record, and the record must affirmatively
demonstrate the alleged ineffectiveness. 
Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).  There is a strong presumption that counsel's
conduct fell within the wide range of reasonable professional assistance.  Strickland, 466 U.S. at 689; Bone
v. State, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002).

                                                                  B.  Analysis








We begin our analysis with a rebuttable presumption
that counsel is better positioned than the appellate court to judge the
pragmatism of the particular case and that counsel made all significant
decisions in the exercise of reasonable professional judgment. Delrio v.
State, 840 S.W.2d 443, 447 (Tex. Crim. App. 1992).  The presumption may be rebutted by evidence
of counsel's reasoning or lack thereof.  See
Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994).  The most effective way to demonstrate
ineffective assistance of counsel is by presenting evidence at a hearing on a
motion for new trial.  See generally
McCain v. State, 995 S.W.2d 229, 245 n.9 (Tex. App.BHouston [14th Dist.] 1999, pet. denied).

Appellant contends she was denied effective
assistance of counsel during trial because counsel was prevented from
presenting a meaningful defense.  During
trial, counsel attempted to elicit information regarding identity fraud from a
witness.  The State objected to each
attempt.  The judge sustained each
objection and finally limited the line of questioning concerning identity
theft.

Appellant asserts that counsel failed to present any
meaningful information regarding identity theft, and that identity theft was
the sole issue of her defense.  However,
the record shows that counsel presented evidence that appellant had lost her
driver=s license several days prior to the event in
question.  Thus, counsel was not
precluded from arguing identity theft during closing argument.  Nevertheless, the record shows that counsel
chose to argue misidentification instead of identity theft.








The record shows that appellant did not claim in her
motion for new trial that she received ineffective assistance of counsel during
trial.  Thus, the record contains no
evidence of counsel's reasoning or lack thereof.  Consequently, appellant=s allegations of ineffectiveness are not firmly
founded in the record, and the record does not affirmatively demonstrate the
alleged ineffectiveness.  McFarland v.
State, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996).  Accordingly, we hold that appellant has not
sustained the burden of proving her ineffective assistance claim by a
preponderance of the evidence.[2]  Appellant's sole point of error is overruled.

We affirm the judgment of the trial court.

 

 

FEDERICO G. HINOJOSA

Justice

 

 

Do
not publish.  See Tex. R. App. P. 47.2(b).

 

Memorandum
Opinion delivered and filed

this
the 8th day of June, 2006.











[1]
Because the issues of law
presented by this case are well settled and the parties are familiar with the
facts, we will not recite the law and facts in this opinion except as necessary
to advise the parties of the Court's decision and the basic reasons for it.  See Tex.
R. App. P. 47.4.





[2]
This holding does not prevent
appellant from raising this claim by an application for post-conviction writ of
habeas corpus.  Ex parte Nailor,
149 S.W.3d 125, 130-31 (Tex. Crim. App. 2004); Ex parte Varelas, 45
S.W.3d 627, 629 (Tex. Crim. App. 2001).