NUMBER 13-05-00167-CR

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI B EDINBURG

                                                                                                                       


SANTOS GUARDIOLA,                                                                    Appellant,

 

                                                             v.

 

THE STATE OF TEXAS,                                                                    Appellee.

                                                                                                                       


    On appeal from the 347th District Court of Nueces County,
Texas.

                                                                    
                                                   

                       MEMORANDUM OPINION

 

               Before Justices Hinojosa,
Rodriguez, and Garza

                         Memorandum
Opinion by Justice Hinojosa

 

A jury found appellant, Santos Guardiola,
guilty of four counts of aggravated sexual assault of a child, and assessed his
punishment at twenty-eight years= imprisonment for each count.  In two issues, appellant contends that (1)
the prosecutor=s closing argument during punishment phase
was improper, and (2) his trial counsel was ineffective for failing to object
to the prosecutor=s improper argument.  We affirm.








In his first issue, appellant contends that
the prosecutor=s closing argument during the punishment
phase of the trial was improper because it encouraged the jury to consider the
effect of the parole law on sentencing. 
Specifically, appellant complains of the following comments made by the
prosecutor:            

Prosecutor:                The defense attorney cannot come
up here and tell you how the parole law works. 
Right now, the court put that in the charge, these things change every
day.  Why?  The parole laws change all the time.  Our prisons, as you know, are full.  The Parole Board is completely at the
discretion of the parole board when to let this guy out.

 

Defense Counsel:     Your Honor, I object. The one-half
aggravated sexual assault is set by the legislature, not by the Parole
Board.  That=s the minimum.

 

The Court:                  Okay.  Move on.

 

Prosecutor:                The Parole Board decides when he
gets out, not the defense attorney.  And
the legislature knows that these prisons are full and they know they can change
B these laws change.  Who is to say that this is going to be the
same way it is two years down the line. 
He can=t say that.

 








Juries are not to consider, and attorneys
may not argue, the application of parole law to a particular defendant.  Tex.
Code. Crim. Proc. Ann. art. 37.07, ' 4(b) (Vernon 2005); Lagrone v. State,
942 S.W.2d 602, 619 (Tex. Crim. App. 1997) (listing the four permissible areas
of argument).  However, to preserve a
complaint for appellate review, the defendant must make his legal objection to
the trial court, and the trial court must either rule on the objection, or the
defendant must object to the trial court=s failure to rule on his objection.  Tex. R.
App. P. 33.1.  Failure to pursue
an objection to an adverse ruling forfeits a defendant=s right to complain about that error on
appeal.  Cockrell v. State, 933
S.W.2d 73, 89 (Tex. Crim. App. 1996).  A[T]he most important procedure is to press
the specific objection to the point of obtaining an adverse ruling.@  Fuller v. State, 827 S.W.2d 919, 926 (Tex.
Crim. App. 1992).  General statements and
comments by the trial court such as ACounsel, stay within the record, please,@ and ALet=s move along,@ are not considered adverse rulings.  See Cook v. State, 741 S.W.2d 928, 939
(Tex. Crim. App. 1987); Stevens v. State, 671 S.W.2d 517, 521 (Tex.
Crim. App. 1984).

Although appellant=s counsel objected to the prosecutor=s argument in a timely manner, he failed to
pursue his objection to an adverse ruling. 
Because AOkay. Move on,@ is not an adverse ruling, we conclude
appellant failed to preserve error for our review.  Appellant=s first issue is overruled.

In his second issue, appellant contends he
received ineffective assistance of counsel during the punishment phase of the
trial because counsel failed to pursue his objection to the prosecutor=s parole law argument to an adverse ruling.








A claim of ineffective counsel is judged by
a two-prong test:  AFirst, the defendant must show that counsel=s performance was deficient . . . .  Second, the defendant must show that the
deficient performance prejudiced the defense.@  Strickland v. Washington, 466 U.S. 668,
687 (1984); see Hernandez v. State, 988 S.W.2d 770, 774 (Tex. Crim. App.
1999) (applying the Strickland test for ineffectiveness of counsel to
the punishment phase). To show deficiency of counsel, the appellant must show
that his counsel=s performance deviated from the prevailing
professional norms, and to show prejudice, the appellant must prove Athere is a reasonable probability that, but
for counsel=s unprofessional errors, the result of the
proceeding would have been different.@  Strickland,
466 U.S. at 688-94.  The failure of the
appellant to prove one prong of the test negates the need to consider the other
prong. Id. at 697.

To prevail on a claim of ineffective
assistance of counsel, the appellant bears the burden of proof to show by a
preponderance of the evidence that Acounsel=s representation fell below an objective
standard of reasonableness.@  Id.
at 687-88; Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim. App.
1999).  The United States and Texas
Constitutions do not provide the right to Aerrorless counsel or counsel whose
competency is judged by hindsight.@  Stafford v. State, 813 S.W.2d 503, 506
(Tex. Crim. App. 1991).  Therefore,
judicial scrutiny of the performance of trial counsel is highly deferential,
and a strong presumption attaches that the trial counsel=s conduct fell within a wide range of
professional conduct.  Strickland,
466 U.S. at 689.  To rebut this
presumption, Athe record must contain evidence of counsel=s reasoning, or lack thereof.@  Moreno v. State, 1 S.W.3d 846, 865 (Tex.
App.BCorpus Christi 1999, pet. ref=d). 
If the record is silent on the issue, the appellate court will not
speculate on the reasons underlying the trial counsel=s actions.  Robinson v. State, 16 S.W.3d 808, 813 n.7
(Tex. Crim. App. 2000).  

Appellant contends that trial counsel=s failure to pursue his objection to an
adverse ruling deprived him of effective assistance of counsel during the
punishment phase of the trial.  However,
the record is silent on counsel=s reasons for failing to pursue his
objection to an adverse ruling.








Because we have nothing before us from which
to determine why counsel failed to pursue his objection to an adverse ruling,
appellant=s allegations of ineffectiveness are not
firmly founded in the record, and the record does not affirmatively demonstrate
the alleged ineffectiveness.  See McFarland
v. State, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996).  Accordingly, we hold that appellant has not
sustained his burden of proving his ineffective assistance claim by a
preponderance of the evidence.[1]  Appellant=s second issue is overruled. 

The judgment of the trial court is affirmed.

 

FEDERICO G. HINOJOSA

Justice

 

 

Do
not publish.  See Tex. R. App. P. 47.2(b).

 

Memorandum
Opinion delivered and filed

this
the 20th day of July, 2006.

 

 

 

 

                                                                              











[1] Appellant is not foreclosed from presenting this
claim via collateral attack by virtue of an application for post‑conviction
writ of habeas corpus.  See Ex parte
Nailor, 149 S.W.3d 125, 130‑31 (Tex. Crim. App. 2004); Ex parte
Varelas, 45 S.W.3d 627, 629 (Tex. Crim. App. 2001).