NO.
12-06-00179-CR

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

            §                      APPEAL FROM THE

EX PARTE:

§                      COUNTY COURT AT LAW

COLIN MCANDREW

§                      HOUSTON COUNTY, TEXAS

                                                                                                                                                      


            MEMORANDUM OPINION

            Colin
McAndrew was convicted by a jury of class A misdemeanor assault, and punishment
was assessed at one year in jail and a $4,000.00 fine, both probated for two
years.  His conviction was affirmed in an
unpublished opinion issued on March 23, 2005. 
McAndrew v. State, No. 12-03-00297-CR, 2005 WL 674195
(Tex. App.–Tyler Mar. 23, 2005, pet. ref’d) (not designated for publication).

            Appellant
filed an application for a writ of habeas corpus on May 8, 2006, together with
a motion for an evidentiary hearing on the application.  The sole issue for habeas relief was a claim
that Appellant was denied the effective assistance of counsel at trial.  On May 12, 2006, the trial court denied the
writ without a hearing.  The trial court
did not enter findings of fact or conclusions of law.  The trial court’s order listed two bases for
the denial: (1) the application was frivolous pursuant to Texas Code of
Criminal Procedure article 11.072, section 7, and (2) the relief requested
could have been obtained through his appeal.  We reverse and remand the cause for a
hearing on the application for writ of habeas corpus.

 

Writ of Habeas Corpus








            In his first issue, Appellant
asserts the trial court erred in denying his habeas application without
conducting an evidentiary hearing or otherwise allowing him to develop the
habeas record.  He argues that the application
was not frivolous because he asserted claims which, if true, would merit relief
and he could not obtain the requested relief on direct appeal because the trial
record did not contain counsel’s explanations for his conduct.

Pertinent
Law            

            Article 11.072 of the Texas Code of
Criminal Procedure prescribes the procedure for an application for a writ of
habeas corpus where an applicant seeks relief from an order or a judgment of
conviction ordering community supervision. 
Tex. Code Crim. Proc. Ann. art.
11.072 (Vernon Supp. 2006).  A trial
court’s decision whether to grant an application for habeas corpus is reviewed
under an abuse of discretion standard.  Pipkin
v. State, 935 S.W.2d 213, 215 (Tex.App.–Amarillo 1996, pet. ref’d).  An abuse of discretion occurs when a trial
court acts without reference to any guiding principles or rules.  Montgomery v. State, 810 S.W.2d
372, 380 (Tex. Crim. App. 1990) (op. on reh’g). 


            The court of criminal appeals has
stated that a writ of habeas corpus is a proper method to raise a claim of ineffective
assistance of counsel.  Rylander v.
State, 101 S.W.3d 107, 111 n.1 (Tex. Crim. App. 2003).  As the court wrote in Ex parte Torres,

 

[g]enerally, a claim which was previously raised and
rejected on direct appeal is not cognizable on habeas corpus.  [citations omitted]  However, this doctrine should not be applied
where direct appeal cannot be expected to provide an adequate record to
evaluate the claim in question, and the claim might be substantiated through additional
evidence gathering in a habeas corpus proceeding.  In most instances, the record on direct
appeal is inadequate to develop an ineffective assistance claim.  [citation omitted]

 

 

Ex parte
Torres, 943 S.W.2d 469, 475 (Tex. Crim. App. 1997).  

            When an applicant alleges facts
that, if true, might entitle him to habeas relief, the appellate court remands
the matter to the trial court for resolution of the factual issues presented in
accordance with the Code of Criminal Procedure. 
Ex parte Patterson, 993 S.W.2d 114, 115 (Tex. Crim. App.
1999).  The purpose of the hearing on the
writ of habeas corpus is to provide the applicant the opportunity to develop
testimony and other evidence to support the allegations contained in the writ.  Ex parte Nailor, 149 S.W.3d
125, 130-31 (Tex. Crim. App. 2004).  This
court cannot hear evidence; rather, the trial court is the appropriate forum to
develop such a record.  Ex parte
Rodriguez, No. AP-75,281, 2006 Tex. Crim. App. LEXIS 587, at *2 (Tex.
Crim. App. Mar. 29, 2006).

Application

            This court’s opinion in the direct
appeal of this case was attached as Exhibit One to Appellant’s application for
writ of habeas corpus.  In overruling
Appellant’s claim of ineffective assistance of counsel, we noted that “[a]ny
allegation of ineffectiveness must be firmly founded in the record, and the
record must affirmatively demonstrate the alleged ineffectiveness.” McAndrew,
2005 WL 674195, at *5 (citing McFarland v. State, 928 S.W.2d 482,
500 (Tex. Crim. App. 1996)).  This court
further noted that, in the absence of testimony or an affidavit from trial
counsel regarding trial counsel’s reasons for the actions of which Appellant
complains, an appellate court will not speculate as to the reasons.  Therefore, this court overruled the
ineffective assistance of counsel issue on direct appeal.

            In his application, Appellant
asserted that his counsel’s performance was deficient in that he failed to
object to certain testimony, impeach one witness’s testimony with her prior
inconsistent statement, call a witness who could impeach the complainant, and
object to the prosecutor’s prejudicial jury argument.  Appellant also contends that his counsel
elicited damaging testimony. Appellant’s application for writ of habeas corpus
alleged facts which, if true, might entitle him to relief.  See Ex parte Patterson,
993 S.W.2d at 115.  Further, Appellant
specifically requested a hearing to develop testimony to substantiate his
claims of ineffective assistance of counsel.

            In the face of allegations, which,
if true, might entitle Appellant to relief, the trial court denied Appellant
the opportunity to have a hearing to develop the testimony of his trial counsel
to explain his actions at trial.  The
trial court’s denial of Appellant’s writ of habeas corpus and a hearing on his
writ was, in light of these allegations and Appellant’s request for a hearing,
an abuse of discretion.  We sustain
Appellant’s first issue.  We need not
reach Appellant’s second issue.  See
Tex. R. App. P. 47.1.

 

Disposition

            The court’s order denying Appellant’s
application for writ of habeas corpus is reversed and remanded
to the trial court for a hearing to give Appellant the opportunity to develop a
record.

 

 

                                                                                                    SAM GRIFFITH   

                                                                                                               Justice

 

 

Opinion delivered November 1,
2006.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)