

# NUMBER 13-11-00637-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**JESSE DAVID BRISTER,**                                       **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                            **Appellee.**

### On appeal from the 284th District Court
### of Montgomery County, Texas.

# MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Garza and Vela
### Memorandum Opinion by Justice Rose Vela

Appellant, Jesse David Brister, entered into an open plea of guilty to the offense of fraudulent possession of identifying information, a second-degree felony. *See* TEX. PENAL CODE ANN. § 32.51(c)(3) (West Supp. 2011). Following a punishment hearing, the trial court sentenced him to ten years' imprisonment. By a single issue, appellant argues he was denied his right to effective assistance of counsel as guaranteed by the Sixth Amendment to the United States Constitution and Article 1, Section 10 of the Texas

Constitution because his defense counsel did not file a motion to suppress evidence which was discovered during an inventory detention in violation of the Fourth Amendment to the United States Constitution and Article 1, Section 9 of the Texas Constitution. We affirm.[1]

## I. DISCUSSION

### A. Standard of Review

"The Sixth Amendment to the United States Constitution, and section ten of Article 1 of the Texas Constitution, guarantee individuals the right to assistance of counsel in a criminal prosecution." *Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011) (citing U.S. CONST. amend. VI; TEX. CONST. art. 1, § 10). "The right to counsel requires more than the presence of a lawyer; it necessarily requires the right to effective assistance." *Id.* (citing *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970); *Powell v. Alabama*, 287 U.S. 45, 57 (1932)). "However, the right does not provide a right to errorless counsel,[2] but rather to objectively reasonable representation." *Id.* (citing *Strickland v. Washington*, 466 U.S. 668, 686 (1984)).

"A defendant has a Sixth Amendment right to effective assistance of counsel in plea proceedings." *Ex parte Niswanger*, 335 S.W.3d 611, 614 (Tex. Crim. App. 2011) (citing U.S. CONST. amend. VI; *Ex parte Harrington*, 310 S.W.3d 452, 458 (Tex. Crim. App. 2010)). "A guilty plea is not considered knowingly and voluntary if it is made because of ineffective assistance of counsel." *Id.* at 614–15 (citing *Ex parte Burns*, 601 S.W.2d 370, 372 (Tex. Crim. App. 1980)).

---

[1] This appeal was transferred from the Ninth Court of Appeals pursuant to a docket-equalization order issued by the Texas Supreme Court. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2005).

[2] *Robertson v. State*, 187 S.W.3d 475, 483 (Tex. Crim. App. 2006).

2

"To prevail on a claim of ineffective assistance of counsel, an appellant must meet the two-pronged test established by the U.S. Supreme Court in *Strickland. . . .*" *Lopez*, 343 S.W.3d at 142. "Appellant must show that (1) counsel's representation fell below an objective standard of reasonableness, and (2) the deficient performance prejudiced the defense." *Id.* (citing *Strickland*, 466 U.S. at 689). "Unless appellant can prove both prongs, an appellate court must not find counsel's representation to be ineffective." *Id.* (citing *Strickland*, 466 U.S. at 687). "In order to satisfy the first prong, appellant must prove, by a preponderance of the evidence, that trial counsel's performance fell below an objective standard of reasonableness under the prevailing professional norms." *Id.* "To prove prejudice, appellant must show that there is a reasonable probability, or a probability sufficient to undermine confidence in the outcome, that the result of the proceeding would have been different." *Id.* (citing *Strickland*, 466 U.S. at 687).

In order to satisfy the prejudice prong in the context of a guilty plea, a defendant "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 58–59 (1985). A defendant "'need not show that his case would have received a more favorable disposition had he gone to trial.'" *Ex parte Niswanger*, 335 S.W.3d at 615 (quoting *Johnson v. State*, 169 S.W.3d 223, 231 (Tex. Crim. App. 2005)).

"An appellate court must make a 'strong presumption that counsel's performance fell within the wide range of reasonably professional assistance.'" *Lopez*, 343 S.W.3d at 142 (quoting *Robertson v. State*, 187 S.W.3d 475, 483 (Tex. Crim. App. 2006) (citing *Strickland*, 466 U.S. at 689)). "In order for an appellate court to find that counsel was ineffective, counsel's deficiency must be affirmatively demonstrated in the trial record; the

3

court must not engage in retrospective speculation." *Id.* (citing *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999)). "'It is not sufficient that appellant show, with the benefit of hindsight, that his counsel's actions or omissions during trial were merely of questionable competence.'" *Id.* at 142–43 (quoting *Mata v. State*, 226 S.W.3d 425, 430 (Tex. Crim. App. 2007)). "When such direct evidence is not available, we will assume that counsel had a strategy if any reasonably sound strategic motivation can be imagined." *Id.* at 143 (citing *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001)). "In making an assessment of effective assistance of counsel, an appellate court must review the totality of the representation and the circumstances of each case without the benefit of hindsight." *Id.* (citing *Robertson*, 187 S.W.3d at 483).

The court of criminal appeals "has repeatedly stated that claims of ineffective assistance of counsel are generally not successful on direct appeal and are more appropriately urged in a hearing on an application for a writ of habeas corpus." *Id.* (citing *Bone v. State*, 77 S.W.3d 828, 833 n.13 (Tex. Crim. App. 2002); *Mitchell v. State*, 68 S.W.3d 640, 642 (Tex. Crim. App. 2002)); *see Ex parte Nailor*, 149 S.W.3d 125, 131 (Tex. Crim. App. 2004). "On direct appeal, the record is usually inadequately developed and 'cannot adequately reflect the failings of trial counsel' for an appellate court 'to fairly evaluate the merits of such a serious allegation.'" *Id.* (quoting *Bone*, 77 S.W.3d at 833).

## B. Analysis

The issue is whether defense counsel was ineffective for failing to file a motion to suppress incriminating evidence,[3] which a police officer seized from appellant's backpack. The First Court of Appeals addressed this issue in *Broussard v. State*, 68

---

[3] The incriminating evidence consisted of W2 forms, showing the victims' names and social security numbers.

S.W.3d 197 (Tex. App.—Houston [1st Dist.] 2002, pet. ref'd), wherein the defendant argued his defense counsel was ineffective for failing to move to suppress the cocaine found in his home. *Id.* at 199. In overruling this argument, the court of appeals stated:

> While we would not characterize such a motion as a "hands-down" winner, we cannot address the ineffectiveness question because of the state of the record.
>
> Although [the defendant] filed a motion for new trial asserting ineffective assistance of counsel, he never raised the ground he now asserts on appeal. Thus, the record is silent as to why his counsel might have acted as he did. In such circumstances, our duty is clear—we must presume counsel made all significant decisions in the exercise of reasonable professional judgment. The Court of Criminal Appeals has repeatedly held that without a sufficient record, an appellant cannot overcome this presumption, and we cannot conclude counsel was ineffective.

*Id.* (citations omitted).

In the instant case, appellant filed a motion for new trial, but he did not assert ineffective assistance of counsel. The trial court did not hold a hearing on the motion for new trial. Because the record is silent with respect to why defense counsel acted as he did, we must presume defense counsel made all significant decisions in the exercise of reasonable professional judgment. *See id.*; *see also Chuong Duong Tong v. State*, 25 S.W.3d 707, 714 (Tex. Crim. App. 2000) (holding that "without some explanation as to why counsel acted as he did, we presume that his actions were the product of an overall strategic design").

Even assuming trial counsel was deficient for failing to file a motion to suppress, appellant has failed to satisfy the prejudice prong of *Strickland v. Washington* by showing a reasonable probability that, but for counsel's error, he would not have pleaded guilty and would have insisted on going to trial. *See Hill*, 474 U.S. at 58–59. The record is not

5

developed regarding the alleged prejudice. Appellant did not provide live testimony or any specific evidence regarding the rationale of how defense counsel's failure to file the motion to suppress impacted his decision to plead guilty. *See Ex parte Moody*, 991 S.W.2d 856, 858 (Tex. Crim. App. 1999) (holding applicant established prejudice based on applicant's own testimony and that of his plea counsel). *Compare Ex parte Tanklevskaya*, 361 S.W.3d 86, 97 (Tex. App.—Houston [1st Dist.] 2011, pet. filed) (holding applicant's testimony was alone sufficient to establish prejudice), *with Jackson v. State*, 139 S.W.3d 7, 21 n.10 (Tex. App.—Fort Worth 2004, pet. ref'd) (stating in dicta that affidavit alone was insufficient to demonstrate prejudice). The sole issue for review is overruled.

## II. CONCLUSION

The judgment of the trial court is affirmed.

ROSE VELA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
16th day of August, 2012.

6