

# IN THE
# TENTH COURT OF APPEALS

### No. 10-14-00306-CR

**DWIGHT GERHARD RABE,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the County Court at Law No. 1
Brazos County, Texas
Trial Court No. 11-05084-CRM-CCL1**

## MEMORANDUM  OPINION

In two issues, appellant, Dwight Gerhard Rabe, challenges his conviction for misdemeanor resisting arrest.  *See* TEX. PENAL CODE ANN. § 38.03(a), (c) (West 2011). Specifically, Rabe contends that the trial court abused its discretion by allowing two law-enforcement officers to express their opinions regarding his guilt of the charged offense.  We affirm.

### I.    BACKGROUND

At 11:21 p.m., on September 24, 2011, Officer Jeremy Elmore of the Bryan Police Department responded to a noise-complaint call in Brazos County. Typically, with a noise-complaint call, Bryan police officers "drive to the location, see if we can hear the music ourselves, try to locate it, and talk to the owner of the property." Upon arrival, Officer Elmore clearly "heard some loud music" and determined that a number of college students were having a pasture party. Officer Elmore told the students to turn off the music and asked who owned the property. One student called the property owners—Rabe and his wife. A short time later, Rabe and his wife appeared on the scene.

Officer Elmore recounted that when Rabe and his wife approached, "they started yelling and screaming and saying I had entered a different country . . . ." When Officer Elmore told Rabe and his wife that the party was over, Rabe stated that Officer Elmore "was trespassing and that they were going to arrest me. Mr. Rabe told me he was the emperor and the wife was the empress." In response to Rabe's aggression, Officer Elmore called for backup.

Because of Rabe's confrontational and aggressive demeanor, neither Officer Elmore nor Sergeant Brett Boswell of the Bryan Police Department were able to obtain Rabe's name or identification that would allow them to complete their intended action of issuing Rabe a citation for violating a noise ordinance. Eventually, Sergeant Boswell instructed Officer Elmore to place Rabe under arrest.

Rabe was ordered to turn around and place his hands behind his back; however, Rabe refused and "took a fighting stance." As Officer Elmore attempted to grab Rabe's

arm to place him in handcuffs, Rabe grabbed Officer Elmore's arm. Officer Elmore threw off Rabe's arm, and Officer Michael Houk, who had recently arrived, got involved. Eventually, the three individuals fell to the ground. While on the ground Rabe "tried to wrap his legs" around Officer Elmore's legs. Rabe also attempted to grab Officer Elmore's flashlight, which is a long and weighty object. Thereafter, Officer Houk used a Taser against Rabe to bring him into compliance. As a result of the scuffle, both Rabe and Officer Elmore sustained minor cuts. Nevertheless, the officers completed the arrest of Rabe.

Subsequently, Rabe was charged with misdemeanor resisting arrest. *See id.* § 38.03(a). At the conclusion of the trial, the jury found Rabe guilty of the charged offense. After the jury panel was dismissed, the parties reached an agreement as to sentencing. The trial court accepted the agreement of the parties and sentenced Rabe to fifty days in jail with no fine. Thereafter, the trial court certified Rabe's right of appeal, and this appeal followed.

## II. ANALYSIS

In his issues on appeal, Rabe complains about testimony provided by Officers Elmore and Houk regarding their opinion as to whether Rabe was resisting arrest.

### A. Applicable Law

We review a trial court's decision to admit or exclude evidence for an abuse of discretion. *Martinez v. State*, 327 S.W.3d 727, 736 (Tex. Crim. App. 2010); *McDonald v. State*, 179 S.W.3d 571, 576 (Tex. Crim. App. 2005). "Under an abuse of discretion standard, an appellate court should not disturb the trial court's decision if the ruling

was within the zone of reasonable disagreement." *Bigon v. State*, 252 S.W.3d 360, 367 (Tex. Crim. App. 2008). We will affirm the decision of the trial court if there is any valid ground upon which the decision could have been made. *State v. Ross*, 32 S.W.3d 853, 856 (Tex. Crim. App. 2000).

## B.    The Complained-of Testimony

Here, Rabe argues that the trial court abused its discretion by allowing Officers Elmore and Houk to testify that Rabe's actions during the scuffle amounted to resisting arrest. Specifically, Rabe complains about the following exchanges:

| | |
|---|---|
| Q [The State]: | Okay. And what happens then? |
| A [Officer Elmore]: | He grabs me. That arm. |
| Q: | This arm? |
| A: | Yes. |
| Q: | Like this? |
| A: | Yes, sir. |
| Q: | What did you do? |
| A: | I kind of take his arm and throw it off of that. |
| Q: | Why did you do that? |
| A: | Because at that point I didn't want him putting force on me. |
| Q: | Okay. Is this force against you? |
| A: | Yes. |
| Q: | Is this resisting arrest? |

A:                           Yes.

[Defense counsel]:          Objection, drawing a legal conclusion. The jury is here to make the decision.

[The State]:                He can say his opinion.

[Defense counsel]:          I disagree. He can tell the facts of what was done, but the jury is here to determine whether or not that's resisting arrest or using force.

THE COURT:                  Overruled.

Later, during direct examination, Officer Houk testified to the following:

Q [The State]:              How did—

A [Officer Houk]:           If he was just trying to get up, then he wouldn't have been trying to grab for my hands. He would have been trying to put his hands on the ground and trying to actually do something to try to get to the point of actually being able to get up.

Q:                          Now, was he grabbing at your hand like, you know, "give me a hand to pull me up" or anything?

A:                          No. I was laying on the ground and I was trying to reach for his arm or his wrist and he was just moving his hand around to try to intercept my hand and keep me from getting ahold of him.

Q:                          You felt like he was trying to prevent or obstruct his arrest?

A:                          Absolutely.

[Defense counsel]:          Judge, I'm going to object to the ending of that. It comes to a legal conclusion that the jury is here for.

THE COURT:    All right.  Overruled.

## C.    Discussion

Texas Rule of Evidence 704 provides that:  "Testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact."  TEX. R. EVID. 704; *see Ex parte Nailor*, 149 S.W.3d 125, 134 (Tex. Crim. App. 2004); *Solomon v. State*, 49 S.W.3d 356, 364 (Tex. Crim. App. 2001); *Fairow v. State*, 943 S.W.2d 895, 897 n.5 (Tex. Crim. App. 1997) (noting that "it is no longer permissible to exclude opinion testimony" simply because it embraces an ultimate issue); *see also Bryant v. State*, 340 S.W.3d 1, 11 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd). Furthermore, Texas Rule of Evidence 701 permits a lay witness to offer opinion testimony if that opinion is "(a) rationally based on the perception of the witness and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue."  TEX. R. EVID. 701.

Based on our review of the record, we cannot say that the trial court abused its discretion in denying Rabe's objections to the complained-of testimony of Officers Elmore and Houk.  *See Martinez*, 327 S.W.3d at 736; *McDonald*, 179 S.W.3d at 576; *see also* TEX R. EVID. 701, 704.  Indeed, a review of Texas Rule of Evidence 704 shows that the pertinent objections in this case are "not objectionable."  *See* TEX. R. EVID. 704. Moreover, it is noteworthy that both Officers Elmore and Houk were factual eyewitnesses who bore the brunt of Rabe's aggression that evening.  In other words, we conclude that the complained-of testimony was rationally based on the perceptions of Officers Elmore and Houk as witnesses to the events and was helpful in clarifying their

testimony to determine a fact in issue—whether Rabe's actions amounted to resisting arrest. *See id.* at R. 701. Therefore, the complained-of testimony was admissible under both Texas Rules of Evidence 701 and 704. *See id.* at R. 701, 704. And the fact that the complained-of testimony embraced the ultimate issue of whether Rabe resisted arrest does not render the testimony inadmissible. *See id.* at R. 704; *see also Ex parte Nailor*, 149 S.W.3d at 134; *Solomon*, 49 S.W.3d at 364; *Fairow*, 943 S.W.2d at 897 n.5; *Bryant*, 340 S.W.3d at 11.

And even if the complained-of testimony was inadmissible, we note that Officer Houk also testified to the following:

| Q [The State]: | Was Mr. Rabe actively resisting Officer Elmore at this point, on the ground? |
|---|---|
| A [Officer Houk]: | Yes, he was. |
| Q: | Okay. How, from your recollection? |

What is apparent from this exchange is that Rabe did not contemporaneously object or obtain a running objection, though this testimony is substantively the same as the earlier complained-of testimony.

Under Texas law, a party must continue to object each time inadmissible evidence is offered unless counsel has obtained a running objection or made a proper objection in a hearing outside the presence of the jury—neither of which transpired here. *See Haley v. State*, 173 S.W.3d 510, 516-17 (Tex. Crim. App. 2005); *Martinez v. State*, 98 S.W.3d 189, 193 (Tex. Crim. App. 1993); *see also* TEX. R. EVID. 103(a)(1). Moreover, any error in admitting evidence is cured when the same evidence is admitted elsewhere

without objection.  *See Lane v. State*, 151 S.W.3d 188, 193 (Tex. Crim. App. 2004); *see also Leday v. State*, 983 S.W.2d 713, 718 (Tex. Crim. App. 1998).  Therefore, even if the complained-of testimony was inadmissible, any error in the admission of the testimony was cured because it was admitted elsewhere without objection.  *See Lane*, 151 S.W.3d at 193; *see also Leday*, 983 S.W.2d at 718.  And based on the foregoing, we overrule both of Rabe's issues on appeal.

### III.    CONCLUSION

Having overruled both of Rabe's issues on appeal, we affirm the judgment of the trial court.


AL SCOGGINS
Justice


Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Affirmed
Opinion delivered and filed May 7, 2015
Do not publish
[CR25]

