# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-15-00442-CR

**Marissa Calderon, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE COUNTY COURT AT LAW NO. 5 OF TRAVIS COUNTY**
**NO. C-1-CR-12-501877**
**HONORABLE NANCY WRIGHT HOHENGARTEN, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

A jury convicted appellant Marissa Calderon of the misdemeanor offense of assault.[1] The trial court assessed punishment at 90 days' confinement in jail and a $3,800 fine, but suspended imposition of the sentence and placed Calderon on community supervision for a period of eighteen months. In a single issue on appeal, Calderon asserts that she was denied her right to testify during trial. We will affirm the trial court's order placing Calderon on community supervision.

## BACKGROUND

The jury heard evidence that on September 9, 2012, Calderon and a friend, Lauren Aldana, got into an altercation with Danielle Boyett outside a nightclub in downtown Austin, which resulted in Boyett suffering injuries to her head and back. Boyett and Itay Ben-Gal, a security

---

[1] *See* Tex. Penal Code § 22.01(a)(1).

guard at the nightclub, testified that Calderon was the aggressor during the altercation. The defense called Aldana and Calderon's brother, who was also present during the altercation, and they provided contrary testimony supporting Calderon's version of events. According to the defense's theory of the case, Boyett had started the altercation by yelling at Calderon and Aldana, and it was Aldana, not Calderon, who had shoved Boyett, causing Boyett to fall into a ditch and injure herself. After considering this and other evidence, the jury found Calderon guilty as charged, and the trial court placed Calderon on community supervision as noted above. This appeal followed.

## ANALYSIS

Calderon did not testify during trial. In a single issue on appeal, Calderon asserts that she was denied her right to do so through the failure of the trial court and trial counsel to conduct an examination on the record to determine whether Calderon had knowingly and intelligently waived her right to testify.

A criminal defendant has a constitutional right to testify in her defense.[2] However, the Court of Criminal Appeals has held that a trial court has no duty to admonish a defendant of her right to testify or to "ensure a knowing waiver of the right to testify."[3] Instead, "defense counsel shoulders the primary responsibility to inform the defendant of [her] right to testify, including the fact that the ultimate decision belongs to the defendant."[4] "Because imparting that information

---

[2] *Rock v. Arkansas*, 483 U.S. 44, 51-52 (1987); *Smith v. State*, 286 S.W.3d 333, 338 n.9 (Tex. Crim. App. 2009).

[3] *Johnson v. State*, 169 S.W.3d 223, 233-35 (Tex. Crim. App. 2005).

[4] *Id*. at 235.

is defense counsel's responsibility, *Strickland* provides the appropriate framework for addressing an allegation that the defendant's right to testify was denied by defense counsel."[5]

The *Strickland* framework is well-established: a defendant must demonstrate, by a preponderance of the evidence, that (1) counsel's performance was deficient, i.e., it fell below an objective standard of reasonableness, and (2) the defendant suffered prejudice as a result, i.e., there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different.[6] It is also well-established that the trial record is seldom sufficient by itself to demonstrate an ineffective-assistance claim and that, consequently, such claims "are generally not successful on direct appeal and are more appropriately urged in a hearing on an application for a writ of habeas corpus."[7]

On the record before us, Calderon has failed to satisfy either prong of the *Strickland* test. Because there is no requirement in Texas that a record be made of the defendant's waiver of her right to testify, counsel cannot be deficient for failing to make such a record.[8] Moreover, there is nothing in the record to suggest that counsel failed to inform Calderon of her right to testify or that Calderon wanted to testify but was denied the opportunity to do so. Regarding the prejudice prong,

---

[5] *Id.*; *see Strickland v. Washington*, 466 U.S. 668 (1984).

[6] *See Strickland*, 466 U.S. 668, 687-88, 690-91, 693-96; *Perez v. State*, 310 S.W.3d 890, 892-93 (Tex. Crim. App. 2010); *Hernandez v. State*, 726 S.W.2d 53, 55-57 (Tex. Crim. App. 1986); *Kuhn v. State*, 393 S.W.3d 519, 537 (Tex. App.—Austin 2013, pet. ref'd).

[7] *Lopez v. State*, 343 S.W.3d 137, 143 (Tex. Crim. App. 2011) (citing *Ex parte Nailor*, 149 S.W.3d 125, 131 (Tex. Crim. App. 2004); *Bone v. State*, 77 S.W.3d 828, 833 n.13 (Tex. Crim. App. 2002); *Mitchell v. State*, 68 S.W.3d 640, 642 (Tex. Crim. App. 2002)).

[8] *See Johnson*, 169 S.W.3d at 233-35.

there is no indication in the record that if counsel had questioned Calderon on the record regarding whether she was waiving her right to testify, she would have decided to exercise that right. Nor is there any indication in the record that if Calderon had testified, there is a reasonable probability that the result of the proceeding would have been different. On this record, Calderon has failed to demonstrate, by a preponderance of the evidence, that counsel rendered ineffective assistance regarding Calderon's right to testify.[9]

Because the trial court had no duty to inform Calderon of her right to testify and there is nothing in the record to indicate that trial counsel somehow interfered with her exercise of that right, we cannot conclude that Calderon was denied her right to testify. Accordingly, we overrule Calderon's sole issue on appeal.

---

[9] *See id*. at 239-41; *Carballo v. State*, 303 S.W.3d 742, 751 (Tex. App.—Houston [1st Dist.] 2009, pet. ref'd); *see also Bone*, 77 S.W.3d at 835 ("Ineffective assistance of counsel claims are not built on retrospective speculation; they must be firmly founded in the record."); *Dukes v. State*, No. 01-14-00938-CR, 2016 Tex. App. LEXIS 2209, at *20-22 (Tex. App.—Houston [1st Dist.] Mar. 3, 2016, no pet. h.) (op. on reh'g) (designated for publication) ("[A] claim that trial counsel deprived the defendant of his right to testify must be supported by evidence in the record that the defendant would have testified, and of what the defendant would have said."); *Moore v. State*, No. 14-12-01010-CR, 2013 Tex. App. LEXIS 13624, at *6-7 (Tex. App.—Houston [14th Dist.] Nov. 5, 2013, no pet.) (mem. op., not designated for publication) ("[A]ppellant has not made any post-trial record regarding what his testimony would have been had he testified. Thus, appellant has not established that, had he testified, there is a reasonable probability the result of the proceeding would have been different."). *Cf. Ex parte McFarland*, 163 S.W.3d 743, 758 (Tex. Crim. App. 2005) (concluding that defendant cannot show prejudice from counsel's failure to call witnesses absent evidence that witnesses were available to testify at trial and that their testimony would have been favorable).

**CONCLUSION**

We affirm the trial court's order placing Calderon on community supervision.

_____

Bob Pemberton, Justice

Before Chief Justice Rose, Justices Pemberton and Bourland

Affirmed

Filed:   June 2, 2016

Do Not Publish