**Affirm and Opinion Filed September 24, 2020**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-19-00178-CR

**TRADAREON JAMEL CHOICE, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 6**
**Dallas County, Texas**
**Trial Court Cause No. F-1775538-X**

## MEMORANDUM OPINION

Before Justices Myers, Whitehill, and Pedersen, III
Opinion by Justice Pedersen, III

A jury convicted appellant Tradareon Jamel Choice of felony murder. The trial court assessed his punishment at life in prison. Appellant's counsel originally filed an *Anders* brief. We struck the brief and ordered counsel to file a brief that addressed any arguable issues found within the record or, if a thorough and professional review of the record identified no such issues, to file an *Anders* brief complying with the requirements of *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978). Appellant's counsel responded by filing a brief on the merits that raised a single issue challenging the trial court's admission of the lead

detective's opinion concerning appellant's responsibility for the complaining witness's death. We affirm the trial court's judgment.

## Background

Detective Derrick Chaney led the investigation into the homicide of Juan Correa Arzola, for which appellant was charged and ultimately convicted.[1] Arzola was shot while he was standing in front of his home on Nisqually Street and talking with a neighbor. The neighbor's son called 911.

As officers were responding to the shooting, they learned of a robbery that had just occurred on the same street. Federico Miranda had been grocery shopping with his girlfriend, Dora Zuniga. When she dropped Miranda off at his home on Nisqually Street, two men approached him; one held a gun, and they demanded his wallet. The men took the groceries, Miranda ran into his house, and Zuniga drove away. As she drove away, she heard a gunshot. Neither Miranda nor Zuniga was certain which of the robbers fired the shot.

Appellant ultimately told the police that he had participated in the robbery and that he had fired the gun when Zuniga started to drive away, because he thought she was backing up into him and the second robber. He said, however, that he fired the gun in the air.[2]

---

[1] The complainant's wife testified that his full name was Juan Jose Correa Arzola. The record contains references to both names, Correa and Arzola.

[2] Appellant does not challenge the sufficiency of the evidence supporting the jury's verdict, so we do not address the investigation and evidence leading to his conviction in detail.

The jury found appellant guilty of murder as charged in his indictment, i.e., that while committing the robbery of Miranda, he shot Arzola and caused his death.

## Admissibility of Opinion Concerning Defendant's Responsibility

In his single issue, appellant contends the trial court abused its discretion by allowing Detective Chaney to give his opinion about appellant's responsibility for Arzola's death. We review a trial court's decision to admit or exclude evidence for an abuse of discretion. *McDonald v. State*, 179 S.W.3d 571, 576 (Tex. Crim. App. 2005).

Appellant's argument focuses on a single response by Chaney; to afford that response its proper context, we set forth the relevant exchanges on cross examination and redirect. On cross examination, appellant's counsel questioned Chaney:

Q.     After you were able to do your investigation in this case, this case was submitted to the District Attorney's office; is that fair?

A.     Yes, ma'am.

Q.     And the standard for which a case is filed or you have to get an arrest warrant, that would be probable cause; is that correct?

A.     That's correct.

Q.     And you believe that you had probable cause to file a felony murder charge against my client, Tradareon Choice; is that correct?

A.     I know I had probable cause, yes, ma'am.

Q.     And the burden for which a jury must find a person guilty would be beyond a reasonable doubt; is that correct?

A.     That's correct.

Q.     And that's a higher burden than the one that you needed to originally file this case; is that correct?

A.     In court, yes, ma'am.

Appellant's counsel then passed the witness, and the prosecutor began his redirect examination. As he was finishing, he followed up on defense counsel's questions:

Q.     Now, Ms. Moore was talking to you earlier about when you file a case with the District Attorney's office you have to have what is called probable cause; is that right?

A.     That is correct.

Q.     Does that mean that you don't believe beyond a reasonable doubt what you have investigated?

A.     Probable cause come[s] when making the arrest. You have to have probable cause to make the arrest, to file a warrant and put someone in jail. And then that does not stop your investigation, just putting somebody in jail. You are responsible for completing and gathering all of the facts of this investigation and present[ing] these facts to the Court to show beyond a doubt that the person -- beyond a reasonable doubt that this person is responsible for this crime.

Q.     After you have completed your investigation and you filed your case with the District Attorney, do you accept and take in all information with regard to the case to make sure that you are still correct?

A.     Yes, ma'am.

Q.     Did you get any information after you filed the case with the District Attorney's office that you were incorrect about the responsibility of each of these three people?

A.     No, ma'am. Like I said, the investigation didn't stop by me just putting them in jail. Therefore, I continued, and that's where I discovered that Mr. Wheeler didn't have any participation. And, therefore, that's why he was -- the charges [were] dropped against him.

Q. Based on all of the information that you received, including speaking with each of these four people, do you still believe beyond a reasonable doubt that Tradareon Choice and Joshua Valdez and Shemar McCarthy are responsible for what happened that night including the death of Juan Correa Arzola.

A. Yes, ma'am.

Defense counsel objected that these questions required the witness "to make a legal conclusion that is for the trier of fact." The prosecutor responded that he had not asked the witness whether he thought the individuals were guilty or not guilty, "but whether he still believes that they were responsible as based on the investigation and any other information that he has received after he gave the case to the District Attorney's office." The trial court overruled the objection.

Appellant argues that by providing these answers, "Detective Chaney gave his opinion about Appellant's guilt," and that "is not permitted." He cites *Boyde v. State* for the proposition that "[n]o lay witness or expert witness can give an opinion about the guilt or innocence of a defendant." 513 S.W.2d 588, 590 (Tex. Crim. App. 1974). *Boyde* does assert that "the expression of guilt or innocence in this case was a conclusion to be reached by the jury . . . Thus, no witness was competent to voice an opinion as to guilt or innocence." *Id.* However, we agree with the State that Chaney did not testify that appellant was guilty of felony murder. When read in context, it is apparent the detective stated that after gathering all the evidence in his investigation—including evidence discovered after filing the case—he continued to

believe that the persons charged, including appellant, were responsible for the death of Arzola.

Detective Chaney was a lay witness at this trial, testifying to his own conduct while investigating Arzola's death and the related robbery. A lay witness may give opinion testimony so long as it is (a) rationally based on his perception and (b) helpful to a clear understanding of his testimony or to determine a fact in issue. TEX. R. EVID. 701. "An opinion is not objectionable just because it embraces an ultimate issue." TEX. R. EVID. 704. Relying on these rules, the Texas Court of Criminal Appeals has concluded that a defendant arguing self-defense on appeal did not receive ineffective assistance of counsel when his attorney failed to object to a police officer's opinion that the defendant had not been attacked. *Ex parte Nailor*, 149 S.W.3d 125, 134 (Tex. Crim. App. 2004). Similarly, employing these rules, we have approved admission of a detective's opinion that when a person kills another in self-defense, he usually remains at the scene to explain what happened, rather than fleeing and disposing of the weapon. *Madison v. State*, No. 05-15-00859-CR, 2016 WL 7163913, at *3–4 (Tex. App.—Dallas Nov. 8, 2016, pet. ref'd) (mem. op., not designated for publication).

In this case, the State introduced evidence that had worked for the Dallas Police Department for nearly twenty years. He testified in detail concerning his oversight of this homicide investigation and the manner in which evidence was gathered. His testimony concerning the development of an investigation generally—

–6–

and this investigation specifically—was based on his personal experience and perceptions. *See* TEX. R. EVID. 701(a). And his testimony concerning the progression of required standards of proof in a criminal case, and how they applied in this investigation, was helpful to explain why he arrested appellant and why he continued to investigate the circumstances of Arzola's death after the arrest. *See* TEX. R. EVID. 701(b). Nor was Chaney's opinion inadmissible because it embraced an ultimate issue in the case, i.e., who was responsible for killing Arzola. *See* TEX. R. EVID. 704.

Moreover, when we review both exchanges between counsel and Chaney, it is apparent that the defense initiated the discussion involving (a) burdens of proof and (b) the detective's belief concerning the quantum of proof that existed against appellant. Defense counsel elicited Chaney's opinion that probable cause existed to file the case against appellant. However, the following questions suggested that Chaney might not have developed sufficient evidence to establish appellant's responsibility beyond a reasonable doubt. As we have discussed, lay opinions are admissible to give a clear understanding of a witness's testimony. TEX. R. EVID. 701(b). "Evidence that is used to fully explain a matter opened by the other party need not be otherwise admissible." *Goodwin v. State*, No. 05-08-00291-CR, 2009 WL 311457, at *5 (Tex. App.—Dallas Feb. 10, 2009, no pet.) (not designated for publication). Accordingly, even if Chaney's opinion—standing alone—could be adjudged inadmissible, the State elicited the opinion to clarify a subject that the defense introduced in cross examination. Thus, Chaney's opinion was admissible,

–7–

and the trial court did not abuse its discretion in overruling appellant's objection. *See, e.g., Rudd v. State*, No. 05-07-00447-CR, 2008 WL 2955157, at *4 (Tex. App.—Dallas Aug. 4, 2008, pet. ref'd) (not designated for publication) (trial court did not err in concluding defense counsel opened door for State to rebut incomplete and inaccurate picture left by questioning).

We overrule appellant's single issue.

## Conclusion

We affirm the trial court's judgment.

/Bill Pedersen, III//
BILL PEDERSEN, III
JUSTICE

190178f.u05

Do Not Publish
TEX. R. APP. P. 47



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

TRADAREON JAMEL CHOICE, Appellant

No. 05-19-00178-CR    V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 6, Dallas County, Texas Trial Court Cause No. F-1775538-X. Opinion delivered by Justice Pedersen, III. Justices Myers and Whitehill participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 24th day of September, 2020.