

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-19-00264-CR

MICHAEL MENDOZA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 364th District Court
Lubbock County, Texas
Trial Court No. 2019-417,487, Honorable William R. Eichman II, Presiding

June 4, 2021

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

Appellant Michael Mendoza appeals his conviction and fourteen-year enhanced sentence for failure to register as a sex offender.[1] Through one issue, he argues his trial counsel rendered ineffective assistance when he opened the door through a remark in opening statement to proof by the State of an identical felony charge pending against

---

[1] *See* TEX. CODE CRIM. PROC. ANN. art. 62.102(a) (West 2018); TEX. PENAL CODE ANN. § 12.42(a) (West 2019) (enhancement of third degree felony to second degree felony on showing of final felony conviction, other than state jail felony).

Appellant in Floyd County, Texas (the Floyd County charge). The State argues the record has not been sufficiently developed on direct appeal for determination of counsel's effectiveness. Because we agree with the State, we overrule Appellant's issue and affirm the judgment and sentence of the district court.

## Background

Because of a 1995 conviction for sexually assaulting a fourteen-year-old female, Appellant is required to register as a sex offender for the remainder of his life.[2] Through an amended indictment dated June 13, 2019, the State alleged on or about October 19, 2017, Appellant "did fail to report in person and to provide the local law enforcement authority namely, the Lubbock Police Department of an intended change of his address with his anticipated move date and new address prior to the seventh day before the intended change[.]"

Prior to trial, the State gave notice of four extraneous offenses it possibly would use at trial. One of the offenses identified was a charge from Floyd County for failure to register as a sex offender. In response to a pre-trial motion filed by Appellant, the trial court ordered in limine that the State and its witnesses not mention Appellant's involvement in extraneous offenses or possible offenses without first approaching the bench and making known its intention.

In Appellant's opening statement at trial, counsel for Appellant told the jury:

> Since 1995 Mr. Mendoza has reported like he's supposed to. That at least there's between 15 to 20 times we believe the evidence will show

---

[2] *See* TEX. CODE CRIM. PROC. ANN. art. 62.001(6)(A) (West Supp. 2020) and 62.101(a)(1) (West 2018).

2

that they've had his address. He's reported as he's supposed to. Never had a bit of trouble with the registration requirement.

All of a sudden in September - - in October of '17, something goes haywire and there becomes an issue of addresses and where he lives.

Following Appellant's opening statement, outside the presence of the jury, the prosecutor argued that Appellant's counsel, by informing the jury that Appellant had no prior trouble with the registration requirement, opened the door to the fact that Appellant was also facing the Floyd County charge. According to the prosecutor, the jury was left with the false impression that appellant "has gone this entire time registering and complying with the law when he, in fact, has not."

Appellant's counsel disagreed with the State's claim that he opened the door. He attempted to explain his opening statement remark by drawing a distinction between annual reporting, a requirement he believed Appellant had always met, and change of address reporting, which his opening-statement remark was not intended to concern. The trial court disagreed with Appellant's explanation, however, and ruled the State could present evidence that Appellant was arrested in Floyd County for failure to report a change of address.

According to documents placed in evidence by the State, on October 31, 2017, Appellant was arrested in Floydada on the underlying charge of failing to register as a sex offender. Floyd County Sheriff Paul Raissez testified at trial that Appellant was under indictment "for not giv[ing] notice seven days prior to changing addresses that he was moving." On cross-examination, Raissez agreed with Appellant's counsel that in February or March 2017, Appellant failed to give Floyd County notice of his new address.

In closing argument, the prosecutor told the jury that if it believed the testimony about the Floyd County charge beyond a reasonable doubt it could consider the charge as evidence that Appellant knew he was required to register as a sex offender and that he did not timely report. She added, Appellant "had been down this road before. He was currently under indictment in a different county for the exact same set of facts. He knew the rules and he blatantly chose to disregard them, ladies and gentlemen. That's what this case comes down to." Following a brief deliberation, the jury returned a verdict convicting Appellant of the charged offense.

After Appellant was convicted and sentenced, he filed a motion for new trial arguing that he should be afforded a new trial "in the interest of justice," but did not argue his trial counsel was ineffective.

Analysis

By this appeal, Appellant argues under the standard of *Strickland v. Washington*[3] his counsel rendered ineffective assistance when he opened the door to presentation by the State of evidence concerning the Floyd County charge. The failure-to-register offense under which Appellant was charged arises from two statutes, Code of Criminal Procedure Articles 62.055(a) and 62.102(a). In pertinent part, Article 62.055(a) provides:

> If a person required to register under this chapter intends to change address . . . the person shall, not later than the seventh day before the intended change, report in person to the local law enforcement authority designated as the person's primary registration authority by the department . . . and provide the authority . . . with the person's anticipated move date and new address. . . .

---

[3] 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

4

TEX. CODE CRIM. PROC. ANN. art. 62.055(a) (West 2018). Under Article 62.102(a), a person commits an offense if he is required to register as a sex offender under Code of Criminal Procedure Chapter 62 and fails to comply with *any* requirement of that Chapter. TEX. CODE CRIM. PROC. ANN. art. 62.102(a); *Bell v. State,* No. 07-18-00173-CR, 2019 Tex. App. LEXIS 6362, at *8 (Tex. App.—Amarillo July 24, 2019, no pet.) (mem. op., not designated for publication).

To prevail on his ineffective assistance of counsel claim, Appellant must satisfy two prongs. *Thompson v. State,* 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). First, he must prove his counsel's conduct was objectively deficient. *Pate v. State,* No. 07-15-00397-CR, 2017 Tex. App. LEXIS 8447, at *13 (Tex. App.—Amarillo Sep. 6, 2017, pet. ref'd) (citing *Ex parte Nailor,* 149 S.W.3d 125 (Tex. Crim. App. 2004)). To evaluate such a contention, we determine whether counsel was acting as "a reasonably competent attorney" would under the circumstances. *Id.* (citing *Strickland,* 466 U.S. at 687). "To defeat the presumption of reasonable professional assistance, any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness." *Thompson,* 9 S.W.3d at 814. This highly deferential review is employed to avoid "the distorting effect of hindsight." *Pate,* 2017 Tex. App. LEXIS 8447, at *13 (citation omitted).

Further, even if Appellant can demonstrate his counsel's actions were objectively deficient, he must also prove that the deficient performance prejudiced his defense. *Pate,* 2017 Tex. App. LEXIS 8447, at *13 (citation omitted). He must establish "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* (citation omitted). The Supreme Court has

defined this "reasonable probability" as a "probability sufficient to undermine confidence in the outcome." *Id.* (citations omitted).

We begin with the first prong. The Court of Criminal Appeals has repeatedly observed that a record on direct appeal is generally insufficient to show that counsel's representation was so deficient as to meet the *Strickland* test. *See Rylander v. State*, 101 S.W.3d 107, 110 (Tex. Crim. App. 2003); *Bone v. State*, 77 S.W.3d 828, 833 and n.13 (Tex. Crim. App. 2002); *Valdez v. State,* No. AP-77,042, 2018 Tex. Crim. App. Unpub. LEXIS 474, at *64 (Tex. Crim. App. 2018) (not designated for publication). The present record does not provide Appellant's counsel the opportunity to "defend, explain, or otherwise justify his conduct." *Garza v. State*, No. 07-13-00137-CR, 2014 Tex. App. LEXIS 415, at *6 (Tex. App.—Amarillo 2014, no pet.). Counsel's explanation during trial suggests he was intending to discuss the statute's annual reporting requirements, and that his statements were interpreted differently. Even if counsel was denying all allegations of criminal conduct, that approach does not appear unreasonable, especially given that Appellant was facing identical criminal charges in two counties and a conviction in either would carry hefty consequences. Because we do not know the full reason at this stage, we are unable to conclude that no reasonable trial strategy would justify the conduct of Appellant's counsel. *See Andrews v. State*, 159 S.W.3d 98, 102 (Tex. Crim. App. 2005) (holding that although an ineffective assistance ground can be made on direct appeal, the test looks for "when no reasonable trial strategy could justify the trial counsel's conduct . . . ."). We therefore overrule Appellant's issue.

Conclusion

We affirm the judgment and sentence of the trial court.


Lawrence M. Doss
Justice


Do not publish.